Liza M. Walsh
Hector D. Ruiz
Eleonore Ofosu-Antwi
CONNELL FOLEY LLP
One Newark Center
1085 Raymond Boulevard, 19th Floor
Newark, New Jersey 07102
(973) 757-1100

**OF COUNSEL:**

Adam R. Alper (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Michael W. De Vries (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
(213) 680-8400

Gianni Cutri (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Jared Barcenas (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
(212) 446-4800

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP.,<br><br>        Plaintiffs,<br><br>    v.<br><br>XACTWARE SOLUTIONS, INC., and VERISK ANALYTICS, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)  1:15-cv-07025-RBK-JS<br>) |

## PLAINTIFFS' ANSWER TO COUNTERCLAIMS

1

Plaintiffs Eagle View Technologies, Inc. ("Eagle View") and Pictometry International Corp. ("Pictometry") (collectively, "Plaintiffs") hereby answer the Counterclaims of Defendants Xactware Solutions, Inc. ("Xactware") and Verisk Analytics, Inc. ("Verisk") (collectively, "Defendants") dated December 14, 2015. To the extent not expressly admitted, Plaintiffs deny the allegations set forth in Defendants' Counterclaims.

## PARTIES

1.      Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Counterclaims and, therefore, deny them.

2.      Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Counterclaims and, therefore, deny them.

3.      Plaintiffs admit that Eagle View is a Washington Corporation with a principal place of business at 3700 Monte Villa Parkway, Suite 200, Bothell, Washington. Plaintiffs deny all remaining allegations in paragraph 3 of the Counterclaims.

4.      Plaintiffs admit that Pictometry is a Delaware Corporation with a principal place of business at 100 Town Centre Drive, Suite A, Rochester, New York. Plaintiffs deny all remaining allegations in paragraph 4 of the Counterclaims.

## JURISDICTION AND VENUE

5.      Paragraph 5 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that this Court has subject matter jurisdiction regarding the allegations of Plaintiffs' Complaint. Plaintiffs deny all remaining allegations of paragraph 5 of the Counterclaims.

6.      Paragraph 6 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of paragraph 6 of the Counterclaims.

7.      Paragraph 7 of the Counterclaims contains legal conclusions to which no response is required.   To the extent a response is required, Plaintiffs will not dispute venue for the purposes of this action.

### BACKGROUND

8.      Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Counterclaims and, therefore, deny them.

9.      Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Counterclaims and, therefore, deny them.

10.     Plaintiffs admit that Eagle View is the owner of the entire right, title, and interest in and to United States Patent No. 8,078,436 (the "'436 Patent"), entitled "Aerial Roof Estimation Systems and Methods."  Plaintiffs deny all remaining allegations in paragraph 10 of the Counterclaims.

11.     Plaintiffs admit that Eagle View is the owner of the entire right, title, and interest in and to United States Patent No. 8,170,840 (the "'840 Patent"), entitled "Pitch Determination Systems and Methods for Aerial Roof Estimation."  Plaintiffs deny all remaining allegations in paragraph 11 of the Counterclaims.

12.     Plaintiffs admit that Eagle View is the owner of the entire right, title, and interest in and to United States Patent No. 8,209,152 (the "'152 Patent"), entitled "Concurrent Display Systems and Methods for Aerial Roof Estimation."  Plaintiffs deny all remaining allegations in paragraph 12 of the Counterclaims.

13.     Plaintiffs admit that Pictometry is the owner of the entire right, title, and interest in and to United States Patent No. 8,542,880 (the "'880 Patent"), entitled "System and Process for Roof Measurement Using Aerial Imagery."  Plaintiffs deny all remaining allegations in paragraph 13 of the Counterclaims.

14.     Plaintiffs admit that Eagle View is the owner of the entire right, title, and interest in and to United States Patent No. 8,818,770 (the "'770 Patent"), entitled "Pitch Determination

Systems and Methods for Aerial Roof Estimation."  Plaintiffs deny all remaining allegations in paragraph 14 of the Counterclaims.

15.     Plaintiffs admit that Pictometry is the owner of the entire right, title, and interest in and to United States Patent No. 8,823,732 (the "'732 Patent"), entitled "Systems and Methods for Processing Images with Edge Detection and Snap-to Feature."  Plaintiffs deny all remaining allegations in paragraph 15 of the Counterclaims.

16.     Plaintiffs admit that Eagle View is the owner of the entire right, title, and interest in and to United States Patent No. 8,825,454 (the "'454 Patent"), entitled "Concurrent Display Systems and Methods for Aerial Roof Estimation."  Plaintiffs deny all remaining allegations in paragraph 16 of the Counterclaims.

17.     Plaintiffs admit that Eagle View is the owner of the entire right, title, and interest in and to United States Patent No. 9,129,376 (the "'376 Patent"), entitled "Pitch Determination Systems and Methods for Aerial Roof Estimation."  Plaintiffs deny all remaining allegations in paragraph 17 of the Counterclaims.

18.     Plaintiffs admit that Eagle View is the owner of the entire right, title, and interest in and to United States Patent No. 9,135,737 (the "'737 Patent"), entitled "Concurrent Display Systems and Methods for Aerial Roof Estimation."  Plaintiffs deny all remaining allegations in paragraph 18 of the Counterclaims.

19.     Plaintiffs admit that on November 30, 2015, Plaintiffs filed their Complaint against Defendants in *Eagle View Technologies, Inc. et al. v. Xactware Solutions, Inc. et al.*, District of New Jersey Case No. 1:15-cv-07025, alleging that Defendants infringe each of the '436 Patent, the '840 Patent, the '152 Patent, the '880 Patent, the '770 Patent, the '732 Patent, the '454 Patent, the '376 Patent and the '737 Patent (collectively, the "Asserted Patents"). Plaintiffs deny all remaining allegations in paragraph 19 of the Counterclaims.

20.     Plaintiffs admit that in their Complaint, Plaintiffs allege that Xactware has directly and indirectly infringed and continues to directly and indirectly infringe the Asserted Patents, in connection with rooftop aerial measurement products, including but not limited to

Xactimate® in combination with Roof InSight™, Property Insight™, and/or Aerial Sketch™. Plaintiffs deny all remaining allegations in paragraph 20 of the Counterclaims.

21.     Plaintiffs admit that in their Complaint, Plaintiffs allege that Verisk has indirectly infringed and continues to indirectly infringe the Asserted Patents, in connection with Xactware's rooftop aerial measurement products, including but not limited to Xactimate® in combination with Roof InSight™, Property Insight™, and/or Aerial Sketch™.  Plaintiffs deny all remaining allegations in paragraph 21 of the Counterclaims.

22.     Paragraph 22 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 22 of the Counterclaims.

23.     Paragraph 23 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 23 of the Counterclaims.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '436 Patent)

24.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

25.     Denied.

26.     Paragraph 26 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 26 of the Counterclaims.

27.     Denied.

## COUNT II

### (Declaratory Judgment of Invalidity of the '436 Patent)

28.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

29.     Denied.

30.     Paragraph 30 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 30 of the Counterclaims.

31.     Denied.

## COUNT III

### (Declaratory Judgment of Non-Infringement of the '840 Patent)

32.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

33.     Denied.

34.     Paragraph 34 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 34 of the Counterclaims.

35.     Denied.

## COUNT IV

### (Declaratory Judgment of Invalidity of the '840 Patent)

36.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

37.     Denied.

38.     Paragraph 38 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 38 of the Counterclaims.

39.     Denied.

## COUNT V

### (Declaratory Judgment of Non-Infringement of the '152 Patent)

40.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

41.     Denied.

42.     Paragraph 42 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 42 of the Counterclaims.

43.     Denied.

## COUNT VI

### (Declaratory Judgment of Invalidity of the '152 Patent)

44.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

45.     Denied.

46.     Paragraph 46 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 46 of the Counterclaims.

47.     Denied.

## COUNT VII

### (Declaratory Judgment of Non-Infringement of the '880 Patent)

48.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

49.     Denied.

50.     Paragraph 50 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 50 of the Counterclaims.

51.     Denied.

## COUNT VIII

### (Declaratory Judgment of Invalidity of the '880 Patent)

52.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

53.     Denied.

54.     Paragraph 54 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 54 of the Counterclaims.

55.     Denied.

## COUNT IX

### (Declaratory Judgment of Non-Infringement of the '770 Patent)

56.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

57.     Denied.

58.     Paragraph 58 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 58 of the Counterclaims.

59.     Denied.

## COUNT X

### (Declaratory Judgment of Invalidity of the '770 Patent)

60.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

61.     Denied.

62.     Paragraph 62 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 62 of the Counterclaims.

63.     Denied.

## COUNT XI

### (Declaratory Judgment of Non-Infringement of the '732 Patent)

64.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

65.     Denied.

66.     Paragraph 66 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 66 of the Counterclaims.

67.     Denied.

## COUNT XII

### (Declaratory Judgment of Invalidity of the '732 Patent)

68.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

69.     Denied.

70.     Paragraph 70 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 70 of the Counterclaims.

71.     Denied.

## COUNT XIII

### (Declaratory Judgment of Non-Infringement of the '454 Patent)

72.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

73.     Denied.

74.     Paragraph 74 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 74 of the Counterclaims.

75.     Denied.

## COUNT XIV

### (Declaratory Judgment of Invalidity of the '454 Patent)

76.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

77.     Denied.

78.     Paragraph 78 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 78 of the Counterclaims.

79.     Denied.

## COUNT XV

### (Declaratory Judgment of Non-Infringement of the '376 Patent)

80.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

81.     Denied.

82.     Paragraph 82 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 82 of the Counterclaims.

83.     Denied.

## COUNT XVI

### (Declaratory Judgment of Invalidity of the '376 Patent)

84.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

85.     Denied.

86.     Paragraph 86 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 86 of the Counterclaims.

87.     Denied.

## COUNT XVII

### (Declaratory Judgment of Non-Infringement of the '737 Patent)

88.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

89.     Denied.

90.     Paragraph 90 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 90 of the Counterclaims.

91.     Denied.

## COUNT XVIII

### (Declaratory Judgment of Invalidity of the '737 Patent)

92.     Plaintiffs incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

93.     Denied.

94.     Paragraph 94 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations of paragraph 94 of the Counterclaims.

95.     Denied.

## RESPONSE TO PRAYER FOR RELIEF

Plaintiffs deny that Defendants are entitled to any of their requested relief or to any different relief.  Plaintiffs request judgment in their favor on all of Defendants' Counterclaims and requested remedies.

## PLAINTIFFS' AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, but without assuming any burden that it would not otherwise have, Plaintiffs allege the following and reserve the right to amend or add to their affirmative defenses as additional information becomes available:

## FIRST AFFIRMATIVE DEFENSE

Defendants' claims are barred in whole or in part for failure to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the relief requested in their First Amended Complaint as well as the following relief:

A.  An order dismissing each of Defendants' counterclaims, with prejudice;

B.  A declaration that this is an exceptional case and an award to Plaintiffs of attorneys' fees pursuant to 35 U.S.C. § 285;

C.  An award of Plaintiffs' costs and expenses in this action; and

D.  Such other and further relief as this Court may deem just and proper.

Dated:  December 28, 2015

CONNELL FOLEY LLP

s/ *Liza M. Walsh*
Liza M. Walsh
Hector D. Ruiz
Eleonore Ofosu-Antwi
One Newark Center
1085 Raymond Boulevard, 19th Floor
Newark, New Jersey 07102
(973) 757-1100

*Attorneys for Plaintiffs*

OF COUNSEL:

Adam R. Alper (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Michael W. De Vries (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
(213) 680-8400

Gianni Cutri  (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Jared Barcenas (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
(212) 446-4800