IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL CORP., | |
| **Plaintiffs,** | Civil Action No. 15-cv-07025-RBK-JS |
| v. | DEFENDANTS' SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND |
| XACTWARE SOLUTIONS, INC. and VERISK ANALYTICS, INC., | |
| **Defendants.** | |

Defendants Xactware Solutions, Inc. ("Xactware") and Verisk Analytics, Inc. ("Verisk") (collectively, "Defendants") hereby answer the Complaint of Plaintiffs Eagle View Technologies, Inc. ('Eagle View") and Pictometry International Corp. ("Pictometry") (collectively, "Plaintiffs"). Except as expressly admitted below, Defendants deny each and every allegation contained in Plaintiffs' First Amended Complaint (the "Complaint"). Specifically, Defendants respond as follows:

## AS TO NATURE OF ACTION

1.      Defendants admit that the Complaint alleges claims of patent infringement, that Xactware is a competitor of Plaintiffs, and that Xactware is a wholly-owned indirect subsidiary of Verisk. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second through fourth sentences of paragraph 1 of the Complaint, and therefore deny the same. Defendants deny all remaining allegations in paragraph 1 of the Complaint.

## AS TO THE PARTIES

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore deny the same.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore deny the same.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore deny the same.

5.      Defendants admit that Xactware is a Delaware corporation with its principal place of business at 1100 West Traverse Parkway, Lehi, Utah, and that Xactware is a competitor of Plaintiffs.  Defendants deny all remaining allegations in paragraph 5 of the Complaint.

6.      Defendants admit that Verisk is a Delaware corporation with its principal place of business at 545 Washington Boulevard, Jersey City, New Jersey, and that Xactware is a wholly-owned indirect subsidiary of Verisk.  Defendants deny all remaining allegations in paragraph 6 of the Complaint.

## AS TO THE PATENTS-IN-SUIT

7.      Defendants admit that United States Patent No. 8,078,436 entitled "AERIAL ROOF ESTIMATION SYSTEMS AND METHODS" (the "'436 Patent") was issued on December 13, 2011, by the United States Patent and Trademark Office (the "PTO").  Defendants admit that a copy of what purports to be the '436 Patent is attached to the Complaint as Exhibit 4.  Defendants deny all remaining allegations in paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint.

ME1 24300743v.1

9.      Defendants admit that United States Patent No. 8,170,840 entitled "PITCH DETERMINATION SYSTEMS AND METHODS FOR AERIAL ROOF ESTIMATION" (the "'840 Patent") was issued on May 1, 2012, by the PTO.  Defendants admit that a copy of what purports to be the '840 Patent is attached to the Complaint as Exhibit 5.  Defendants deny all remaining allegations in paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     Defendants admit that United States Patent No. 8,209,152 entitled "CONCURRENT DISPLAY SYSTEMS AND METHODS FOR AERIAL ROOF ESTIMATION" (the "'152 Patent") was issued on June 26, 2012, by the PTO.  Defendants admit that a copy of what purports to be the '152 Patent is attached to the Complaint as Exhibit 6.  Defendants deny all remaining allegations in paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     Defendants admit that United States Patent No. 8,542,880 entitled "SYSTEM AND PROCESS FOR ROOF MEASUREMENT USING AERIAL IMAGERY" (the "'880 Patent") was issued on September 24, 2013, by the PTO.  Defendants admit that a copy of what purports to be the '880 Patent is attached to the Complaint as Exhibit 13.  Defendants deny all remaining allegations in paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants admit that United States Patent No. 8,818,770 entitled "PITCH DETERMINATION SYSTEMS AND METHODS FOR AERIAL ROOF ESTIMATION" (the "'770 Patent") was issued on August 26, 2014, by the PTO.  Defendants admit that a copy of what purports to be the '770 Patent is attached to the Complaint as Exhibit 8.  Defendants deny all remaining allegations in paragraph 15 of the Complaint.

3

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants admit that United States Patent No. 8,823,732 entitled "SYSTEMS AND METHODS FOR PROCESSING IMAGES WITH EDGE DETECTION AND SNAP-TO FEATURE" (the "'732 Patent") was issued on September 2, 2014, by the PTO.  Defendants admit that a copy of what purports to be the '732 Patent is attached to the Complaint as Exhibit 9.  Defendants deny all remaining allegations in paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants admit that United States Patent No. 8,825,454 entitled "CONCURRENT DISPLAY SYSTEMS AND METHODS FOR AERIAL ROOF ESTIMATION" (the "'454 Patent") was issued on September 2, 2014, by the PTO.  Defendants admit that a copy of what purports to be the '454 Patent is attached to the Complaint as Exhibit 10.  Defendants deny all remaining allegations in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants admit that United States Patent No. 9,129,376 entitled "PITCH DETERMINATION SYSTEMS AND METHODS FOR AERIAL ROOF ESTIMATION" (the "'376 Patent") was issued on September 8, 2015, by the PTO.  Defendants admit that a copy of what purports to be the '376 Patent is attached to the Complaint as Exhibit 16.  Defendants deny all remaining allegations in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants admit that United States Patent No. 9,135,737 entitled "CONCURRENT DISPLAY SYSTEMS AND METHODS FOR AERIAL ROOF ESTIMATION" (the "'737 Patent") was issued on September 15, 2015, by the PTO.  Defendants

admit that a copy of what purports to be the '737 Patent is attached to the Complaint as Exhibit 17. Defendants deny all remaining allegations in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

## AS TO JURISDICTION AND VENUE

25.     Defendants admit that the Complaint alleges claims of patent infringement. Defendants deny all remaining allegations in paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint contains conclusions of law to which no response is required. Defendants, however, do not contest that this Court has jurisdiction over the subject matter of patent infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).

27.     Defendants deny the allegations in paragraph 27 of the Complaint.

28.     Defendants do not contest personal jurisdiction over Verisk in this Court for purposes of this case. Defendants deny all remaining allegations in paragraph 28 of the Complaint.

29.     Defendants admit that Verisk consented to jurisdiction in the District of New Jersey in the case styled *Austin v. Verisk Analytics, Inc., et al.*, Civil Action No. 2:13-cv-04277-WJM-MF. Defendants deny all remaining allegations in paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint contains conclusions of law to which no response is required. Defendants, however, do not contest that this Court is an appropriate venue for purposes of this case as to Verisk. Defendants deny all remaining allegations in paragraph 30 of the Complaint.

## AS TO COUNT I – INFRINGEMENT OF THE '436 PATENT BY XACTWARE

31.     Defendants incorporate by reference each and every response to paragraphs 1 through 30 above, as though set forth herein at length.

5

ME1 24300743v.1

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants admit that Xactware licenses within the United States software products that can facilitate roof measurement using aerial imagery, including Xactimate®, Roof InSight™ and Property InSight™.   Defendants deny all remaining allegations in paragraph 34 of the Complaint.

35.     Defendants admit that Xactware has been aware of the '436 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 35 of the Complaint, and therefore deny the same.

36.     Defendants admit that Xactware has been aware of the '436 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 36 of the Complaint, and therefore deny the same.

37.     Defendants admit that counsel for Xactware submitted to the PTO the Information Disclosure Statement ("IDS") attached to the Complaint as Exhibit 11 listing the '436 Patent during prosecution of U.S. Patent Application No. 13/397,325 (the "'325 Application"). Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 37 of the Complaint, and therefore deny the same.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

**AS TO COUNT II – INFRINGEMENT OF THE '436 PATENT BY VERISK**

43.     Defendants incorporate by reference each and every response to paragraphs 1 through 42 above, as though set forth herein at length.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants admit that Verisk has been aware of the '436 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 45 of the Complaint, and therefore deny the same.

46.     Defendants admit that counsel for Xactware submitted to the PTO the IDS attached to the Complaint as Exhibit 11 listing the '436 Patent during prosecution of the '325 Application.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 46 of the Complaint, and therefore deny the same.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

**AS TO COUNT III – INFRINGEMENT OF THE '840 PATENT BY XACTWARE**

52.     Defendants incorporate by reference each and every response to paragraphs 1 through 51 above, as though set forth herein at length.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants admit that Xactware licenses within the United States software products that can facilitate roof measurement using aerial imagery, including Xactimate® and Aerial Sketch™.   Defendants deny all remaining allegations in paragraph 55 of the Complaint.

56.     Defendants admit that Xactware has been aware of the '840 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 56 of the Complaint, and therefore deny the same.

57.     Defendants admit that Xactware has been aware of the '840 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 57 of the Complaint, and therefore deny the same.

58.     Defendants admit that counsel for Xactware submitted to the PTO the IDS attached to the Complaint as Exhibit 11 listing U.S. Patent Publication No. 2010/0110074 during prosecution of the '325 Application.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 58 of the Complaint, and therefore deny the same.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

ME1 24300743v.1

## AS TO COUNT IV – INFRINGEMENT OF THE '840 PATENT BY VERISK

64.     Defendants incorporate by reference each and every response to paragraphs 1 through 63 above, as though set forth herein at length.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants admit that Verisk has been aware of the '840 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 66 of the Complaint, and therefore deny the same.

67.     Defendants admit that counsel for Xactware submitted to the PTO the IDS attached to the Complaint as Exhibit 11 listing U.S. Patent Publication No. 2010/0110074 during prosecution of the '325 Application.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 67 of the Complaint, and therefore deny the same.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

## AS TO COUNT V – INFRINGEMENT OF THE '152 PATENT BY XACTWARE

73.     Defendants incorporate by reference each and every response to paragraphs 1 through 72 above, as though set forth herein at length.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

ME1 24300743v.1

76.     Defendants admit that Xactware licenses within the United States software products that can facilitate roof measurement using aerial imagery, including Xactimate® and Aerial Sketch™.  Defendants deny all remaining allegations in paragraph 76 of the Complaint.

77.     Defendants admit that Xactware has been aware of the '152 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 77 of the Complaint, and therefore deny the same.

78.     Defendants admit that Xactware has been aware of the '152 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 78 of the Complaint, and therefore deny the same.

79.     Defendants admit that counsel for Xactware submitted to the PTO the IDS attached to the Complaint as Exhibit 11 listing U.S. Patent Publication No. 2010/0114537 during prosecution of the '325 Application.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 79 of the Complaint, and therefore deny the same.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

ME1 24300743v.1

## AS TO COUNT VI – INFRINGEMENT OF THE '152 PATENT BY VERISK

85.     Defendants incorporate by reference each and every response to paragraphs 1 through 84 above, as though set forth herein at length.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants admit that Verisk has been aware of the '152 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 87 of the Complaint, and therefore deny the same.

88.     Defendants admit that counsel for Xactware submitted to the PTO the IDS attached to the Complaint as Exhibit 11 listing U.S. Patent Publication No. 2010/0114537 during prosecution of the '325 Application.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 88 of the Complaint, and therefore deny the same.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

## AS TO COUNT VII – INFRINGEMENT OF THE '880 PATENT BY XACTWARE

94.     Defendants incorporate by reference each and every response to paragraphs 1 through 93 above, as though set forth herein at length.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Complaint.

ME1 24300743v.1

97.     Defendants admit that Xactware licenses within the United States software products that can facilitate roof measurement using aerial imagery, including Xactimate®, Roof InSight™ and Aerial Sketch™.  Defendants deny all remaining allegations in paragraph 97 of the Complaint.

98.     Defendants admit that Xactware has been aware of the '880 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 98 of the Complaint, and therefore deny the same.

99.     Defendants admit that Xactware has been aware of the '880 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 99 of the Complaint, and therefore deny the same.

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the Complaint.

**AS TO COUNT VIII – INFRINGEMENT OF THE '880 PATENT BY VERISK**

105.    Defendants incorporate by reference each and every response to paragraphs 1 through 104 above, as though set forth herein at length.

106.    Defendants deny the allegations contained in paragraph 106 of the Complaint.

107.    Defendants admit that Verisk has been aware of the '880 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all

ME1 24300743v.1

the remaining allegations contained in paragraph 107 of the Complaint, and therefore deny the same.

108.    Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.    Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in paragraph 112 of the Complaint

## AS TO COUNT IX – INFRINGEMENT OF THE '770 PATENT BY XACTWARE

113.    Defendants incorporate by reference each and every response to paragraphs 1 through 112 above, as though set forth herein at length.

114.    Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.    Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.    Defendants admit that Xactware licenses within the United States software products that can facilitate roof measurement using aerial imagery, including Xactimate® and Aerial Sketch™.  Defendants deny all remaining allegations in paragraph 116 of the Complaint.

117.    Defendants admit that Xactware has been aware of the '770 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 117 of the Complaint, and therefore deny the same.

118.    Defendants admit that Xactware has been aware of the '770 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 118 of the Complaint, and therefore deny the same.

119.    Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.    Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.    Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in paragraph 123 of the Complaint.

## AS TO COUNT X – INFRINGEMENT OF THE '770 PATENT BY VERISK

124.    Defendants incorporate by reference each and every response to paragraphs 1 through 123 above, as though set forth herein at length.

125.    Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.    Defendants admit that Verisk has been aware of the '770 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 126 of the Complaint, and therefore deny the same.

127.    Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.    Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.    Defendants deny the allegations contained in paragraph 129 of the Complaint.

130.    Defendants deny the allegations contained in paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in paragraph 131 of the Complaint.

## AS TO COUNT XI – INFRINGEMENT OF THE '732 PATENT BY XACTWARE

132.    Defendants incorporate by reference each and every response to paragraphs 1 through 131 above, as though set forth herein at length.

133.    Defendants deny the allegations contained in paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in paragraph 134 of the Complaint.

ME1 24300743v.1

135.    Defendants admit that Xactware licenses within the United States software products that can facilitate roof measurement using aerial imagery, including Xactimate® and Aerial Sketch™.  Defendants deny all remaining allegations in paragraph 135 of the Complaint.

136.    Defendants admit that Xactware has been aware of the '732 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 136 of the Complaint, and therefore deny the same.

137.    Defendants admit that Xactware has been aware of the '732 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 137 of the Complaint, and therefore deny the same.

138.    Defendants deny the allegations contained in paragraph 138 of the Complaint.

139.    Defendants deny the allegations contained in paragraph 139 of the Complaint.

140.    Defendants deny the allegations contained in paragraph 140 of the Complaint.

141.    Defendants deny the allegations contained in paragraph 141 of the Complaint.

142.    Defendants deny the allegations contained in paragraph 142 of the Complaint.

## AS TO COUNT XII – INFRINGEMENT OF THE '732 PATENT BY VERISK

143.    Defendants incorporate by reference each and every response to paragraphs 1 through 142 above, as though set forth herein at length.

144.    Defendants deny the allegations contained in paragraph 144 of the Complaint.

145.    Defendants admit that Verisk has been aware of the '732 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all

the remaining allegations contained in paragraph 145 of the Complaint, and therefore deny the same.

146.    Defendants deny the allegations contained in paragraph 146 of the Complaint.

147.    Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in paragraph 150 of the Complaint.

## AS TO COUNT XIII – INFRINGEMENT OF THE '454 PATENT BY XACTWARE

151.    Defendants incorporate by reference each and every response to paragraphs 1 through 150 above, as though set forth herein at length.

152.    Defendants deny the allegations contained in paragraph 152 of the Complaint.

153.    Defendants deny the allegations contained in paragraph 153 of the Complaint.

154.    Defendants admit that Xactware licenses within the United States software products that can facilitate roof measurement using aerial imagery, including Xactimate® and Aerial Sketch™.  Defendants deny all remaining allegations in paragraph 154 of the Complaint.

155.    Defendants admit that Xactware has been aware of the '454 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 155 of the Complaint, and therefore deny the same.

156.    Defendants admit that Xactware has been aware of the '454 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 156 of the Complaint, and therefore deny the same.

ME1 24300743v.1

157.    Defendants deny the allegations contained in paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in paragraph 159 of the Complaint.

160.    Defendants deny the allegations contained in paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in paragraph 161 of the Complaint.

## AS TO COUNT XIV – INFRINGEMENT OF THE '454 PATENT BY VERISK

162.    Defendants incorporate by reference each and every response to paragraphs 1 through 161 above, as though set forth herein at length.

163.    Defendants deny the allegations contained in paragraph 163 of the Complaint.

164.    Defendants admit that Verisk has been aware of the '454 Patent since December 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all the remaining allegations contained in paragraph 164 of the Complaint, and therefore deny the same.

165.    Defendants deny the allegations contained in paragraph 165 of the Complaint.

166.    Defendants deny the allegations contained in paragraph 166 of the Complaint.

167.    Defendants deny the allegations contained in paragraph 167 of the Complaint.

168.    Defendants deny the allegations contained in paragraph 168 of the Complaint.

169.    Defendants deny the allegations contained in paragraph 169 of the Complaint.

## AS TO COUNT XV – INFRINGEMENT OF THE '376 PATENT BY XACTWARE

170.    Defendants incorporate by reference each and every response to paragraphs 1 through 169 above, as though set forth herein at length.

171.    Defendants deny the allegations contained in paragraph 171 of the Complaint.

172.    Defendants deny the allegations contained in paragraph 172 of the Complaint.

ME1 24300743v.1

173.     Defendants admit that Xactware licenses within the United States software products that can facilitate roof measurement using aerial imagery, including Xactimate® and Aerial Sketch™.  Defendants deny all remaining allegations in paragraph 173 of the Complaint.

174.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of the Complaint, and therefore deny the same.

175.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175 of the Complaint, and therefore deny the same.

176.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176 of the Complaint, and therefore deny the same.

177.     Defendants deny the allegations contained in paragraph 177 of the Complaint.

178.     Defendants deny the allegations contained in paragraph 178 of the Complaint.

179.     Defendants deny the allegations contained in paragraph 179 of the Complaint.

180.     Defendants deny the allegations contained in paragraph 180 of the Complaint.

181.     Defendants deny the allegations contained in paragraph 181 of the Complaint.

**AS TO COUNT XVI – INFRINGEMENT OF THE '376 PATENT BY VERISK**

182.     Defendants incorporate by reference each and every response to paragraphs 1 through 181 above, as though set forth herein at length.

183.     Defendants deny the allegations contained in paragraph 183 of the Complaint.

18

184.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184 of the Complaint, and therefore deny the same.

185.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185 of the Complaint, and therefore deny the same.

186.    Defendants deny the allegations contained in paragraph 186 of the Complaint.

187.    Defendants deny the allegations contained in paragraph 187 of the Complaint.

188.    Defendants deny the allegations contained in paragraph 188 of the Complaint.

189.    Defendants deny the allegations contained in paragraph 189 of the Complaint.

190.    Defendants deny the allegations contained in paragraph 190 of the Complaint.

## AS TO COUNT XVII – INFRINGEMENT OF THE '737 PATENT BY XACTWARE

191.    Defendants incorporate by reference each and every response to paragraphs 1 through 190 above, as though set forth herein at length.

192.    Defendants deny the allegations contained in paragraph 192 of the Complaint.

193.    Defendants deny the allegations contained in paragraph 193 of the Complaint.

194.    Defendants admit that Xactware licenses within the United States software products that can facilitate roof measurement using aerial imagery, including Xactimate® and Aerial Sketch™.  Defendants deny all remaining allegations in paragraph 194 of the Complaint.

195.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 of the Complaint, and therefore deny the same.

19

196.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 196 of the Complaint, and therefore deny the same.

197.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 197 of the Complaint, and therefore deny the same.

198.     Defendants deny the allegations contained in paragraph 198 of the Complaint.

199.     Defendants deny the allegations contained in paragraph 199 of the Complaint.

200.     Defendants deny the allegations contained in paragraph 200 of the Complaint.

201.     Defendants deny the allegations contained in paragraph 201 of the Complaint.

202.     Defendants deny the allegations contained in paragraph 202 of the Complaint.

**AS TO COUNT XVIII – INFRINGEMENT OF THE '737 PATENT BY VERISK**

203.     Defendants incorporate by reference each and every response to paragraphs 1 through 202 above, as though set forth herein at length.

204.     Defendants deny the allegations contained in paragraph 204 of the Complaint.

205.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 205 of the Complaint, and therefore deny the same.

206.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 206 of the Complaint, and therefore deny the same.

207.     Defendants deny the allegations contained in paragraph 207 of the Complaint.

208.     Defendants deny the allegations contained in paragraph 208 of the Complaint.

209.    Defendants deny the allegations contained in paragraph 209 of the Complaint.

210.    Defendants deny the allegations contained in paragraph 210 of the Complaint.

211.    Defendants deny the allegations contained in paragraph 211 of the Complaint.

## AS TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief and deny any allegations contained therein.

A.    Defendants deny that Plaintiffs are entitled to the relief requested in paragraph A of the Complaint.

B.    Defendants deny that Plaintiffs are entitled to the relief requested in paragraph B of the Complaint.

C.    Defendants deny that Plaintiffs are entitled to the relief requested in paragraph C of the Complaint.

D.    Defendants deny that Plaintiffs are entitled to the relief requested in paragraph D of the Complaint.

E.    Defendants deny that Plaintiffs are entitled to the relief requested in paragraph E of the Complaint.

F.    Defendants deny that Plaintiffs are entitled to the relief requested in paragraph F of the Complaint.

G.    Defendants deny that Plaintiffs are entitled to the relief requested in paragraph G of the Complaint.

H.    Defendants deny that Plaintiffs are entitled to the relief requested in paragraph H of the Complaint.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following must be pleaded as an affirmative defense or that any of the following is not already in issue by virtue of the foregoing denials, or without prejudice to Defendants' right to plead additional defenses as discovery into the facts of the matter may warrant, Defendants hereby assert the following defenses without undertaking or otherwise shifting any applicable burdens of proof:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs do not and cannot establish that sufficient grounds exist for this Court to exercise personal jurisdiction over Xactware in this action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendants have not infringed and do not infringe any valid and enforceable claim of the '436 Patent, the '840 Patent, the '152 Patent, the '880 Patent, the '770 Patent, the '732 Patent, the '454 Patent, the '376 Patent or the '737 Patent asserted against them by Plaintiffs in the Complaint (collectively, the "Asserted Patents"), either directly, indirectly, literally, or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' methods are so different in principle from the subject matter claimed by each of the Asserted Patents, and are so different in function, operation, way and result from the subject matter claimed by each of the Asserted Patents, that Defendants' methods function in a

substantially different way to achieve a substantially different result from that claimed by each of the Asserted Patents.

## FIFTH AFFIRMATIVE DEFENSE

Each of the Asserted Patents is invalid and unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 101, 102, 103, and/or 112.

## SIXTH AFFIRMATIVE DEFENSE

By reason of the proceedings in the PTO during the prosecution of the applications which resulted in each of the Asserted Patents, and by reason of the admissions and representations therein made by or on behalf of the applicant for each of the Asserted Patents, Plaintiffs are estopped from construing claims of each of the Asserted Patents, even if this were otherwise possible, to cover and include any methods used by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, estoppel and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of patent misuse.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for damages, if any, is limited by 35 U.S.C. §§ 287 and 288.

ME1 24300743v.1

## ELEVENTH AFFIRMATIVE DEFENSE

This is an exceptional case under 35 U.S.C. § 285, entitling Defendants to their attorneys' fees incurred as a consequence of defending against the claims in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of the '436 Patent are unenforceable due to inequitable conduct, as more fully described in the Nineteenth Count of Defendants' Counterclaims, *infra*.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of the '732 Patent are unenforceable due to inequitable conduct, as more fully described in the Twentieth Count of Defendants' Counterclaims, *infra*.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of the '880 Patent are unenforceable due to inequitable conduct, as more fully described in the Twenty-First Count of Defendants' Counterclaims, *infra*.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting claims of the reexamined patents against Defendants by the doctrines of absolute and equitable intervening rights.

## COUNTERCLAIMS

Counterclaim Plaintiffs Xactware Solutions, Inc. ("Xactware") and Verisk Analytics, Inc. ("Verisk") (collectively, "Counterclaim Plaintiffs") for their Counterclaims against Counterclaim Defendants Eagle View Technologies, Inc. ('Eagle View") and Pictometry International Corp. ("Pictometry") (collectively, "Counterclaim Defendants") hereby allege as follows:

## PARTIES

1.       Xactware is a Delaware corporation with its principal place of business at 1100 West Traverse Parkway, Lehi, Utah.

2.       Verisk is a Delaware corporation with its principal place of business at 545 Washington Boulevard, Jersey City, New Jersey.

3.       Upon information and belief, Eagle View is a Washington corporation with its principal place of business at 3700 Monte Villa Parkway, Suite 200, Bothell, Washington.

4.       Upon information and belief, Pictometry is a Delaware corporation with its principal place of business at 100 Town Centre Drive, Suite A, Rochester, New York.

## JURISDICTION AND VENUE

5.       This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

6.       This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a case of actual controversy within the Court's jurisdiction.

7.       Venue is appropriate in this district as to Verisk pursuant to 28 U.S.C. § 1400(b).

## BACKGROUND

8.       Xactware licenses computer software solutions for professionals involved in estimating all phases of residential building and structural repair including Xactimate®, its flagship estimating system, as well as Roof InSight™, Property InSight™ and Aerial Sketch™. Among other things, these software products can facilitate roof measurement using aerial imagery.

25

9.      Xactware is a wholly-owned indirect subsidiary of Verisk.

10.     Upon information and belief, Eagle View claims to own solely the entire right, title and interest in and to United States Patent No. 8,078,436 entitled "AERIAL ROOF ESTIMATION SYSTEMS AND METHODS" (the "'436 Patent").

11.     Upon information and belief, Eagle View claims to own solely the entire right, title and interest in and to United States Patent No. 8,170,840 entitled "PITCH DETERMINATION SYSTEMS AND METHODS FOR AERIAL ROOF ESTIMATION" (the "'840 Patent").

12.     Upon information and belief, Eagle View claims to own solely the entire right, title and interest in and to United States Patent No. 8,209,152 entitled "CONCURRENT DISPLAY SYSTEMS AND METHODS FOR AERIAL ROOF ESTIMATION" (the "'152 Patent").

13.     Upon information and belief, Pictometry claims to own solely the entire right, title and interest in and to United States Patent No. 8,542,880 entitled "SYSTEM AND PROCESS FOR ROOF MEASUREMENT USING AERIAL IMAGERY" (the "'880 Patent").

14.     Upon information and belief, Eagle View claims to own solely the entire right, title and interest in and to United States Patent No. 8,818,770 entitled "PITCH DETERMINATION SYSTEMS AND METHODS FOR AERIAL ROOF ESTIMATION" (the "'770 Patent").

15.     Upon information and belief, Pictometry claims to own solely the entire right, title and interest in and to United States Patent No. 8,823,732 entitled "SYSTEMS AND METHODS FOR PROCESSING IMAGES WITH EDGE DETECTION AND SNAP-TO FEATURE" (the "'732 Patent").

16.     Upon information and belief, Eagle View claims to own solely the entire right, title and interest in and to United States Patent No. 8,825,454 entitled "CONCURRENT DISPLAY SYSTEMS AND METHODS FOR AERIAL ROOF ESTIMATION" (the "'454 Patent").

17.     Upon information and belief, Eagle View claims to own solely the entire right, title and interest in and to United States Patent No. 9,129,376 entitled "PITCH DETERMINATION SYSTEMS AND METHODS FOR AERIAL ROOF ESTIMATION" (the "'376 Patent").

18.     Upon information and belief, Eagle View claims to own solely the entire right, title and interest in and to United States Patent No. 9,135,737 entitled "CONCURRENT DISPLAY SYSTEMS AND METHODS FOR AERIAL ROOF ESTIMATION" (the "'737 Patent").

19.     On or about November 30, 2015, Plaintiffs filed the Complaint against Defendants, alleging that Defendants infringed each of the '436 Patent, the '840 Patent, the '152 Patent, the '880 Patent, the '770 Patent, the '732 Patent, the '454 Patent, the '376 Patent and the '737 Patent (collectively, the "Asserted Patents").

20.     In its Complaint, Plaintiffs allege that Xactware directly and indirectly infringed and continues to directly and indirectly infringe each of the Asserted Patents through licensing in the United States of Xactimate® in combination with Roof InSight™, Property InSight™ and/or Aerial Sketch™.

21.     In its Complaint, Plaintiffs allege that Verisk indirectly infringed and continues to indirectly infringe each of the Asserted Patents by inducing direct infringement by Xactware through licensing in the United States of Xactimate® in combination with Roof InSight™,

27

Property InSight™ and/or Aerial Sketch™.

22.     Accordingly, there is an actual, substantial and continuing justiciable case and controversy between Counterclaim Plaintiffs and Counterclaim Defendants regarding the Asserted Patents, over which this Court can and should exercise jurisdiction, and declare the rights of the parties.

23.     Counterclaim Plaintiffs are therefore entitled to bring and maintain these counterclaims for declaratory judgment pursuant to 28 U.S.C. § 2201.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '436 Patent)

24.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-23, as though set forth herein at length.

25.     Counterclaim Plaintiffs have not infringed and do not infringe, either directly, indirectly, literally, or under the doctrine of equivalents any valid and enforceable claim of the '436 Patent.

26.     As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Eagle View regarding the alleged infringement by Counterclaim Plaintiffs of the '436 Patent.

27.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that they have not infringed and are not infringing any valid and enforceable claim of the '436 Patent.

## COUNT II

### (Declaratory Judgment of Invalidity of the '436 Patent)

28.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-27, as though set forth herein at length.

ME1 24300743v.1

29.     Counterclaim Plaintiffs are informed and believe and thereon allege that any and all asserted claims of the '436 Patent are invalid and unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

30.     As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Eagle View regarding the validity and enforceability of the asserted claims of the '436 Patent.

31.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that any and all of the asserted claims of the '436 Patent are invalid and unenforceable.

## COUNT III

### (Declaratory Judgment of Non-Infringement of the '840 Patent)

32.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-31, as though set forth herein at length.

33.     Counterclaim Plaintiffs have not infringed and do not infringe, either directly, indirectly, literally, or under the doctrine of equivalents any valid and enforceable claim of the '840 Patent.

34.     As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Eagle View regarding the alleged infringement by Counterclaim Plaintiffs of the '840 Patent.

35.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that they have not infringed and are not infringing any valid and enforceable claim of the '840 Patent.

## COUNT IV

### (Declaratory Judgment of Invalidity of the '840 Patent)

36.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-35, as though

ME1 24300743v.1

set forth herein at length.

37.    Counterclaim Plaintiffs are informed and believe and thereon allege that any and all asserted claims of the '840 Patent are invalid and unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

38.    As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Eagle View regarding the validity and enforceability of the asserted claims of the '840 Patent.

39.    Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that any and all of the asserted claims of the '840 Patent are invalid and unenforceable.

## COUNT V

### (Declaratory Judgment of Non-Infringement of the '152 Patent)

40.    Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-39, as though set forth herein at length.

41.    Counterclaim Plaintiffs have not infringed and do not infringe, either directly, indirectly, literally, or under the doctrine of equivalents any valid and enforceable claim of the '152 Patent.

42.    As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Eagle View regarding the alleged infringement by Counterclaim Plaintiffs of the '152 Patent.

43.    Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that they have not infringed and are not infringing any valid and enforceable claim of the '152 Patent.

## COUNT VI

### (Declaratory Judgment of Invalidity of the '152 Patent)

44.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-43, as though set forth herein at length.

45.     Counterclaim Plaintiffs are informed and believe and thereon allege that any and all asserted claims of the '152 Patent are invalid and unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

46.     As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Eagle View regarding the validity and enforceability of the asserted claims of the '152 Patent.

47.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that any and all of the asserted claims of the '152 Patent are invalid and unenforceable.

## COUNT VII

### (Declaratory Judgment of Non-Infringement of the '880 Patent)

48.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-47, as though set forth herein at length.

49.     Counterclaim Plaintiffs have not infringed and do not infringe, either directly, indirectly, literally, or under the doctrine of equivalents any valid and enforceable claim of the '880 Patent.

50.     As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Pictometry regarding the alleged infringement by Counterclaim Plaintiffs of the '880 Patent.

51.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that they have not infringed and are not infringing any valid and enforceable claim of the '880 Patent.

## COUNT VIII

**(Declaratory Judgment of Invalidity of the '880 Patent)**

52.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-51, as though set forth herein at length.

53.     Counterclaim Plaintiffs are informed and believe and thereon allege that any and all asserted claims of the '880 Patent are invalid and unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

54.     As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Pictometry regarding the validity and enforceability of the asserted claims of the '880 Patent.

55.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that any and all of the asserted claims of the '880 Patent are invalid and unenforceable.

## COUNT IX

**(Declaratory Judgment of Non-Infringement of the '770 Patent)**

56.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-55, as though set forth herein at length.

57.     Counterclaim Plaintiffs have not infringed and do not infringe, either directly, indirectly, literally, or under the doctrine of equivalents any valid and enforceable claim of the '770 Patent.

58.     As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Eagle View regarding the alleged infringement by Counterclaim Plaintiffs of the '770 Patent.

59.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that they have not infringed and are not infringing any valid and enforceable claim of the '770 Patent.

ME1 24300743v.1

## COUNT X

### (Declaratory Judgment of Invalidity of the '770 Patent)

60.    Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-59, as though set forth herein at length.

61.    Counterclaim Plaintiffs are informed and believe and thereon allege that any and all asserted claims of the '770 Patent are invalid and unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

62.    As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Eagle View regarding the validity and enforceability of the asserted claims of the '770 Patent.

63.    Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that any and all of the asserted claims of the '770 Patent are invalid and unenforceable.

## COUNT XI

### (Declaratory Judgment of Non-Infringement of the '732 Patent)

64.    Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-63, as though set forth herein at length.

65.    Counterclaim Plaintiffs have not infringed and do not infringe, either directly, indirectly, literally, or under the doctrine of equivalents any valid and enforceable claim of the '732 Patent.

66.    As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Pictometry regarding the alleged infringement by Counterclaim Plaintiffs of the '732 Patent.

67.    Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that they

ME1 24300743v.1

have not infringed and are not infringing any valid and enforceable claim of the '732 Patent.

<h2 style="text-align:center">COUNT XII</h2>

**(Declaratory Judgment of Invalidity of the '732 Patent)**

68.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-67, as though set forth herein at length.

69.     Counterclaim Plaintiffs are informed and believe and thereon allege that any and all asserted claims of the '732 Patent are invalid and unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

70.     As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Pictometry regarding the validity and enforceability of the asserted claims of the '732 Patent.

71.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that any and all of the asserted claims of the '732 Patent are invalid and unenforceable.

<h2 style="text-align:center">COUNT XIII</h2>

**(Declaratory Judgment of Non-Infringement of the '454 Patent)**

72.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-71, as though set forth herein at length.

73.     Counterclaim Plaintiffs have not infringed and do not infringe, either directly, indirectly, literally, or under the doctrine of equivalents any valid and enforceable claim of the '454 Patent.

74.     As a result of the filing of the Complaint, an actual controversy now exists

between Counterclaim Plaintiffs and Eagle View regarding the alleged infringement by Counterclaim Plaintiffs of the '454 Patent.

75.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that they have not infringed and are not infringing any valid and enforceable claim of the '454 Patent.

## COUNT XIV

### (Declaratory Judgment of Invalidity of the '454 Patent)

76.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-75, as though set forth herein at length.

77.     Counterclaim Plaintiffs are informed and believe and thereon allege that any and all asserted claims of the '454 Patent are invalid and unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

78.     As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Eagle View regarding the validity and enforceability of the asserted claims of the '454 Patent.

79.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that any and all of the asserted claims of the '454 Patent are invalid and unenforceable.

## COUNT XV

### (Declaratory Judgment of Non-Infringement of the '376 Patent)

80.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-79, as though set forth herein at length.

81.     Counterclaim Plaintiffs have not infringed and do not infringe, either directly, indirectly, literally, or under the doctrine of equivalents any valid and enforceable claim of the '376 Patent.

ME1 24300743v.1

82.     As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Eagle View regarding the alleged infringement by Counterclaim Plaintiffs of the '376 Patent.

83.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that they have not infringed and are not infringing any valid and enforceable claim of the '376 Patent.

## COUNT XVI

### (Declaratory Judgment of Invalidity of the '376 Patent)

84.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-83, as though set forth herein at length.

85.     Counterclaim Plaintiffs are informed and believe and thereon allege that any and all asserted claims of the '376 Patent are invalid and unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

86.     As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Eagle View regarding the validity and enforceability of the asserted claims of the '376 Patent.

87.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that any and all of the asserted claims of the '376 Patent are invalid and unenforceable.

## COUNT XVII

### (Declaratory Judgment of Non-Infringement of the '737 Patent)

88.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-87, as though set forth herein at length.

89.     Counterclaim Plaintiffs have not infringed and do not infringe, either directly, indirectly, literally, or under the doctrine of equivalents any valid and enforceable claim of the

'737 Patent.

90.     As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Eagle View regarding the alleged infringement by Counterclaim Plaintiffs of the '737 Patent.

91.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that they have not infringed and are not infringing any valid and enforceable claim of the '737 Patent.

**COUNT XVIII**

**(Declaratory Judgment of Invalidity of the '737 Patent)**

92.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-91, as though set forth herein at length.

93.     Counterclaim Plaintiffs are informed and believe and thereon allege that any and all asserted claims of the '737 Patent are invalid and unenforceable for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

94.     As a result of the filing of the Complaint, an actual controversy now exists between Counterclaim Plaintiffs and Eagle View regarding the validity and enforceability of the asserted claims of the '737 Patent.

95.     Counterclaim Plaintiffs are therefore entitled to a declaratory judgment that any and all of the asserted claims of the '737 Patent are invalid and unenforceable.

**COUNT XIX**

**(Declaratory Judgment of Unenforceability of the '436 Patent)**

96.     Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-95, as though set forth herein at length.

97.     A patent applicant owes a duty of candor to the United States Patent and Trademark Office ("PTO").  37 C.F.R. § 1.56.  That duty of candor extends not just during the original patent prosecution, but also during any subsequent reexamination procedures.  37 C.F.R. § 1.555.

98.     The duty of candor extends  to disclosing not only patents and patent applications, but also to disclosing material information that arises during the prosecution of patents and patent applications.  37 C.F.R. § 1.56; MPEP § 2001.06(b).

99.     In order for a patent to claim priority to a provisional application, the written description of the provisional must adequately support the claims of the non-provisional application. 35 U.S.C. 119(e)(1).

100.    Eagle View has asserted the '436 Patent which issued from U.S. Patent Application No. 12/253,092 application ("the '092 Application), filed on October 16, 2008.

101.    The '092 Application is a continuation-in-part of application No. 12/148,439 ("the '439 Application"), filed on April 17, 2008.

102.    Both the '092 Application and the '439 Application claim the priority of the Patentees' provisional application No. 60/925,072 ("'072 Provisional Application"), filed on April 17, 2007.

103.    The '436 Patent issued on December 13, 2011.

104.    Eagle View has characterized the '436 Patent as part of a group of patents that "revolutionized" the field.  Dkt. 189 at 1.

105.    Notwithstanding Eagle View's reference to its "revolutionary" patents, about a year after the '436 Patent issued, Eagle View filed a request for supplemental examination of the

'436 Patent on December 28, 2012 in Supplemental Examination Request No. 96/000,004 ("the '004 Reexamination").

106.    Eagle View sought supplemental examination after a pending litigation, *Eagle View Technologies, Inc. v. Aerialogics, LLC*, Civil No.: 2:12-cv-00618-RAJ (W.D.Wa.) cast doubts on the validity of the '436 Patent, as well as raising questions regarding inequitable conduct allegedly committed by Eagle View.  Indeed, the PTO found that at least three different prior art references raised "substantial new questions of patentability" for the '436 Patent.  '436 SE FH, March 27, 2013 Office Action.

107.    During these supplemental examination proceedings, Eagle View amended the claims of the '436 Patent in an effort to overcome the substantial new questions of patentability. '436 SE FH, October 25, 2013 Claim Amendments  (the "2013 Claim Amendments").

108.    In the 2013 Claim Amendments, throughout the '436 Patent reexamination, and in the instant litigation, Eagle View has maintained their claim of priority to the '072 Provisional Application.  During the '004 Reexamination, the PTO stated that it relied upon the '072 Provisional Application to establish "the earliest effective filing date available for the '436 Patent" as April 17, 2007.  '436 SE FH, March 27, 2013 Office Action at 3-4.

109.    However, on December 12, 2012, prior to the filing of the '004 Reexamination, the PTO determined that the '436 Patent could not properly rely on the April 17, 2007 date of the '072 Provisional Application.  This determination was made during the prosecution of an application that issued as U.S. Patent No. 8,417,061 to Kennedy et al. (the "Kennedy Patent"). As described in detail below, Eagle View and its counsel knew of the Kennedy Patent not only at least as early as July 3, 2013, but also during the pendency of the '004 Reexamination.

110.    The Kennedy Patent claims priority to Provisional Application Serial No. 61/025,431 filed on February 1, 2008 and Provisional Application Serial No. 61/047,086 filed on April 22, 2008, both of which dates are after the alleged priority date of the '436 Patent.

111.    The Kennedy Patent includes, as claims 1 and 2, claims that are identical to Eagle View's '436 Patent original claims 1-2, with the exception of the last two underlined lines of claim 1:

| Kennedy Patent, Claims 1-2 | '436 Patent, Original Claims 1-2 |
|---|---|
| 1. A computing system for generating a roof estimate report, the computing system comprising: | 1. A computing system for generating a roof estimate report, the computing system comprising: |
| a memory; | a memory; |
| a roof estimation module that is stored on the memory and that is configured, when executed, to: | a roof estimation module that is stored on the memory and that is configured, when executed, to: |
| receive a first and a second aerial image of a building having a roof, each of the aerial images providing a different view of the roof of the building; | receive a first and a second aerial image of a building having a roof, each of the aerial images providing a different view of the roof of the building; |
| correlate the first aerial image with the second aerial image; | correlate the first aerial image with the second aerial image; |
| generate, based at least in part on the correlation between the first and second aerial images, a three-dimensional model of the roof that includes a plurality of planar roof sections that each have a corresponding slope, area, and edges; and | generate, based at least in part on the correlation between the first and second aerial images, a three-dimensional model of the roof that includes a plurality of planar roof sections that each have a corresponding slope, area, and edges; and |
| generate and transmit a roof estimate report that includes one or more top plan views of the three-dimensional model annotated with numerical values that indicate the corresponding slope, area, and length of edges of at least some of the plurality of planar roof sections. | generate and transmit a roof estimate report that includes one or more top plan views of the three-dimensional model annotated with numerical values that indicate the corresponding slope, area, and length of edges of at least some of the plurality of planar roof sections using at least two different indicia for different types of roof properties. |

| | |
|---|---|
| 2. The computing system of claim 1 wherein the roof estimation module is further configured to correlate the first and second aerial images by receiving an indication of one or more corresponding points on the building shown in each of the first and second aerial images. | 2. The computing system of claim 1 wherein the roof estimation module is further configured to correlate the first and second aerial images by receiving an indication of one or more corresponding points on the building shown in each of the first and second aerial images. |

112.   During its prosecution, the Kennedy Patent was rejected by the patent examiner over the '436 Patent.  Kennedy File History, March 2, 2012 Non-Final Rejection.

113.   In response, the Kennedy Patent applicant directly challenged the '436 Patent's proper effective filing date.  The Kennedy Patent applicant copied the claims of the then-issued '436 Patent and submitted them to the PTO.   *See* September 4, 2012 Response to Office Action (New claims 7-8 [corresponding to issued claims 1-2] are copied in substantial portion from the issued patent 8,078,436 to Pershing.  New claims 9-10 [corresponding to issued claims 3-4] are copied in substantial portion from issued patent 8145578 to Pershing."); *see also* October 18, 2012 Response to Office Action.

114.   Moreover, the Kennedy Patent applicant argued that the '436 Patent application was not entitled to its April 17, 2007 priority date.

115.   Both issued patents to Pershing claim priority to Provisional Application Serial No. 60/925,072 filed April 17, 2007.  However, the PTO determined, as argued by the Kennedy Patent applicant, that the April 17, 2007 '072 Provisional Application did not support the Pershing issued claims (in the '436 Patent and in U. S. Pat. No. 8,145,578), but that the Kennedy Patent's application, with an effective filing date of February 1, 2008, fully supports the Kennedy Patent's claims, for example at paragraphs 96-101 of the Kennedy Patent's application disclosure.  *See* December 12, 2012 Notice of Allowance and Reasons for Allowance ("Based on applicant's amendment/persuasive arguments filed on 10/18/12, the art rejection for claims 7-10

has been withdrawn."); September 4, 2012 Response to Office Action (arguing '072 Provisional Application does not support '436 Patent claims) and October 18, 2012 Response to Office Action (filing corrected version of September 4, 2012 Amendment to comply with PTO formalities).

116.    Because the priority date of the Kennedy Patent – February 1, 2008 – is earlier than later applications filed by Pershing on April 17, 2008 and October 16, 2008, the PTO issued the Kennedy Patent.

117.    The PTO thus allowed the Kennedy Patent to issue with the claims Kennedy had copied from the '436 Patent.  *See* December 12, 2012 Notice for Allowance.  In allowing the Kennedy patent to issue, the PTO concluded that the '436 Patent is ***not*** entitled to its April 17, 2007 priority date.

118.    On July 3, 2013, the PTO filed a reexamination litigation search report in the '004 Reexamination for the '436 Patent, which identified the Kennedy Patent.

119.    In a September 23, 2013 Information Disclosure Statement, Jeremiah J. Baunach submitted an Information Disclosure Statement to the PTO on behalf of Eagle View, which cited the Kennedy Patent.  '436 Patent, September 23, 2013 Information Disclosure.

120.    On October 25, 2013, Eagle View filed an Amendment to the Abstract and Claims of the '436 Patent, signed by patent attorney David V. Carlson.  At the time of the Amendment, Eagle View took no action to correct the priority claims of the '436 Patent, or to bring the matter to the attention of the PTO for a final determination.  October 25, 2013 Amendment.

121.    Mr. Carlson and Mr. Baunach each violated their duty of candor to the PTO by failing to inform the PTO that the '436 Patent could not claim the benefit of the '072 Provisional

Application's 2007 filing date, or that the Patent Office had previously determined that the '436 Patent could not claim such priority after issuance of the Kennedy Patent in 2012.

122.    On information and belief, Eagle View acted with intent to deceive the Patent Office, as evidenced by the record of the '004 Reexamination, which demonstrates that Eagle View, Mr. Carlson, and Mr. Baunach knew of the Kennedy Patent.

123.    Even a cursory review of claims 1-2 of the Kennedy Patent demonstrates that the claims are substantially identical to claims 1 and 2 of the '436 Patent — the Patent that Mr. Carlson and Mr. Baunach were prosecuting in the '004 Reexamination.

124.    The issuance of the near identical claims in the Kennedy Patent demonstrates that the Patent Office considered the Kennedy Patent to predate the '436 Patent, since the Kennedy Patent could not otherwise obtain the same claims. The significance of the Kennedy Patent in repudiating a claim of priority by the '436 Patent to the April 17, 2007 filing date of the '072 Provisional Application is demonstrated by the prosecution history of the Kennedy Patent, including the September 4, 2012 Response to Office Action; the October 18, 2012 Response to Office Action; and the December 12, 2012 Notice of Allowance.

125.    Mr. Carlson and Mr. Baunach had a duty to disclose the information repudiating the claimed priority of the '436 Patent to the PTO.

126.    The information withheld was material insofar as it established that the PTO itself had found that the '436 Patent was not entitled to its claimed priority date. That conclusion expands the scope of prior art to include, among other things, the Kennedy Patent itself. That the disclosure of the Kennedy Patent was determined by the Patent Office to support the same claim as the '436 Patent strongly demonstrates that the Kennedy Reference would anticipate or render obvious the '436 Patent.

ME1 24300743v.1

127.    Mr. Carlson and Mr. Baunach deceptively and improperly maintained the priority claim of the '436 Patent to the April 17, 2007 priority document in submissions to the PTO.

128.    Mr. Carlson's and Mr. Baunach's intent to deceive is the inescapable inference from their knowledge of the Kennedy Patent  and their failure to disclose the prior repudiation by the PTO of the April 17, 2007 priority claim of the '436 Patent.

129.    Deceptive intent is the inescapable inference because Mr. Carlson and Mr. Baunach maintained the previously rejected 2007 priority date even after the PTO determined that the '072 Provisional Application did not support the '436 Patent claims and issued the Kennedy Patent, and even after the PTO brought the Kennedy Patent to their attention in the '004 Reexamination of the '436 Patent.

## COUNT XX

### (Declaratory Judgment of Unenforceability of the '732 Patent)

130.    Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-129, as though set forth herein at length.

131.    A patent applicant owes a duty of candor to the PTO.  37 C.F.R. § 1.56.

132.    The duty of candor extends to disclosing material information during the prosecution of patents and patent applications.  37 C.F.R. § 1.56; MPEP § 2001.06(b).

133.    Plaintiffs have asserted the '732 Patent.

134.    Prior to the filing date of the '732 Patent, Pictometry developed and licensed a software program entitled Electronic Field Study (EFS), Version 2.7.

135.    Also prior to the filing date of the '732 Patent, in July of 2007, Pictometry published a detailed user guide describing the EFS Version 2.7 software, entitled the "Electronic Field Study User Guide, Version 2.7" ("EFS User Guide").

136.    The EFS User Guide bears a copyright date of 2007, and was publicly accessible prior to the filing date of the '732 Patent.

137.    The EFS User Guide anticipates and renders obvious all of the asserted claims of the '732 Patent.  In particular, the EFS User Guide is the primary reference in an instituted *inter partes* review ("IPR") proceeding filed by Xactware (IPR2016-00593).  In that IPR proceeding, the Patent Trial and Appeal Board ("PTAB") of the PTO determined that Xactware has demonstrated a reasonable likelihood that it will prevail in establishing that the challenged claims (which include the asserted claims) of the '732 Patent are unpatentable in view of the EFS User Guide.

138.    Given the PTAB's decision to institute this IPR proceeding, the EFS User Guide is highly material to patentability of the asserted claims of the '732 Patent.

139.    Pictometry was under a duty to disclose the EFS User Guide to the PTO during prosecution of the '732 Patent, but failed to do so.

140.    Pictometry deceptively and improperly failed to disclose the EFS User Guide to the PTO during prosecution of the '732 Patent.  This was particularly the case since the EFS User Guide was Pictometry's own prior art, and well within the knowledge, possession, custody, and control of Pictometry.

141.    Pictometry's intent to deceive is the inescapable and only reasonable inference given its knowledge of and failure to disclose the EFS User Guide, its own prior art, to the PTO during prosecution of the '732 Patent.

## COUNT XXI

### (Declaratory Judgment of Unenforceability of the '880 Patent)

142.    Counterclaim Plaintiffs incorporate the allegations of paragraphs 1-141, as though

ME1 24300743v.1

set forth herein at length.

143.    A patent applicant owes a duty of candor to the PTO.  37 C.F.R. § 1.56.

144.    The duty of candor extends to disclosing material information during the prosecution of patents and patent applications.  37 C.F.R. § 1.56; MPEP § 2001.06(b).

145.    Plaintiffs have asserted the '880 Patent.

146.    Prior to the filing date of the '880 Patent, Pictometry developed and licensed a software program entitled Electronic Field Study (EFS), Version 2.7.

147.    Also prior to the filing date of the '880 Patent, in July of 2007, Pictometry published the EFS User Guide.

148.    The EFS User Guide bears a copyright date of 2007, and was publicly accessible prior to the filing date of the '880 Patent.

149.    The EFS User Guide anticipates and renders obvious all of the asserted claims of the '880 Patent.  In particular, the EFS User Guide is the primary reference in an instituted IPR proceeding filed by Xactware (IPR2016-00594).  In that IPR proceeding, the PTAB determined that Xactware has demonstrated a reasonable likelihood that it will prevail in establishing that the challenged claims (which include the asserted claims) of the '880 Patent are unpatentable in view of the EFS User Guide.

150.    Given the PTAB's decision to institute this IPR proceeding, the EFS User Guide is highly material to patentability of the asserted claims of the '880 Patent.

151.    Pictometry was under a duty to disclose the EFS User Guide to the PTO during prosecution of the '880 Patent, but failed to do so.

152.    Pictometry deceptively and improperly failed to disclose the EFS User Guide to the PTO during prosecution of the '880 Patent.  This was particularly the case since the EFS

46

User Guide was Pictometry's own prior art, and well within the knowledge, possession, custody, and control of Pictometry.

153.    Pictometry's intent to deceive is the inescapable and only reasonable inference given its knowledge of and failure to disclose the EFS User Guide, its own prior art, to the PTO during prosecution of the '880 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs respectfully request that the Court enter judgment against Counterclaim Defendants to include:

A.    The dismissal of Plaintiffs' Complaint, with prejudice, and denial of Plaintiffs' requested relief in the Complaint and any relief whatsoever.

B.    A declaration that Counterclaim Plaintiffs have not infringed and do not infringe, either directly, indirectly, literally, or under the doctrine of equivalents any valid and enforceable claim of each of the Asserted Patents.

C.    A declaration that the asserted claims of each of the Asserted Patents are invalid and unenforceable.

D.    A declaration that U.S. Patent No. 8,078,436 is unenforceable.

E.    A declaration that U.S. Patent No. 8,823,732 is unenforceable.

F.    A declaration that U.S. Patent No. 8,542,880 is unenforceable.

G.    A permanent injunction prohibiting Plaintiffs and those acting on their behalf from asserting or threatening to assert infringement of any of the Asserted Patents against Counterclaim Plaintiffs or any of their agents, employees, representatives, strategic business partners, distributors, contractors, customers, advisors, and investors.

H.    A declaration that Counterclaim Plaintiffs have prevailed against Counterclaim

Defendants on all of Counterclaim Plaintiffs' Counterclaims.

       I.     A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, warranting an award to Counterclaim Plaintiffs of attorneys' fees, costs and expenses incurred in this action.

       J.     Such other such relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Counterclaim Plaintiffs hereby request a jury trial on all issues so triable.

Dated: February 28, 2017           By: <u>s/Scott S. Christie</u>
                              Scott S. Christie
                              **McCARTER & ENGLISH, LLP**
                              Four Gateway Center
                              100 Mulberry Street
                              Newark, NJ 07102
                              Phone: (973) 848-5388
                              Fax: (973) 297-3981

                              *Counsel for Defendants Xactware Solutions, Inc.*
                                *and Verisk Analytics, Inc.*

ME1 24300743v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of February, 2017, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.


Dated: February 28, 2017                    By: <u>s/Scott S. Christie</u>
                                             Scott S. Christie
                                             **McCARTER & ENGLISH, LLP**
                                             Four Gateway Center
                                             100 Mulberry Street
                                             Newark, NJ 07102
                                             Phone: (973) 848-5388

                                             *Counsel for Defendants Xactware Solutions, Inc.*
                                             *and Verisk Analytics, Inc.*

ME1 24300743v.1