**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| Eagle View Technologies, Inc. *et al.*, | ) | |
| Plaintiffs, | ) | Civil No. 15-07025 (RBK/JS) |
| v. | ) | **Opinion** |
| Xactware Solutions, Inc. *et al.*, | ) | |
| Defendants. | ) | |

In this patent infringement action brought by Eagle View Technologies and Pictometry International (together "Plaintiffs") against Xactware Solutions and Verisk Analytics (together "Defendants"), plaintiffs seek to appeal from a portion of Magistrate Judge Schneider's order dated 29 November 2017 (ECF[1] Doc. 330) ("the Order"), which ruled upon defendants' Motion to Strike New Infringement Theories and New Invention and Priority Dates (Doc. 281) ("the Motion"). Plaintiffs appeal the specific ruling in that Order which struck both plaintiffs' July 2017 response to defendants' interrogatory number 7 regarding reduction to practice dates and the documentation supporting that response, including source code, newly produced in 2017.

For the reasons below, Plaintiffs' appeal of the ruling on the dispute over invention dates in the Order **IS DENIED**. An appropriate Order accompanies.

**BACKGROUND AND PROCEDURAL HISTORY**

The Court assumes the parties' familiarity with the factual background and procedural history in this matter and summarizes those facts relevant to the instant appeal. This matter relates to Magistrate Judge Schneider's findings regarding whether plaintiffs had fulfilled their disclosure obligations under the Local Patent Rules ("L. Pat. R.") and his application of L. Pat. R. 3.7 to plaintiffs' responses to defendants' interrogatory 7 and plaintiffs' documents produced therewith, set forth in his Opinion (Doc. 329) ("the Opinion") accompanying the Order.

Defendants' Motion to Strike New Infringement Theories and New Invention and Priority Dates (Doc. 281), which was the subject of the Order, relates in relevant part to the extent of new information plaintiffs added over time to their successive responses to defendants' interrogatory number 7, and whether plaintiffs' new information supplemented or amended their earlier responses.

On 23 December 2015, as required by L. Pat. R. 3.1 and according to the Scheduling Order (Doc. 38) plaintiffs served their disclosure of asserted claims and infringement contentions ("the Rule 3.1

---

[1] Court documents referred to here are on this Court's publically accessible ECF database and denoted as "Doc."

disclosure"). [2] In their Rule 3.1 disclosure, plaintiffs equated the "earliest date" for each asserted patent with the priority date listed on the patent face. L. Pat. R. 3.2(b) obliges plaintiffs to produce all documents (or make them available) showing conception / reduction to practice of each claimed invention created on or before the earliest date ("Rule 3.2(b) documentation"). Notwithstanding this required documentation, the local rules do not correspondingly obligate disclosure of <u>specific</u> conception and reduction to practice dates. To fill that gap, on 31 December 2015, defendants served interrogatory 7, seeking plaintiffs' conception and reduction to practice dates of all asserted claims. Doc. 282-10[3]

On 29 February 2016, plaintiffs responded to interrogatory 7 not with specific dates but by referring to general information in their Rule 3.1 disclosure and Rule 3.2 documentation. Upon defendants' further request, plaintiffs supplemented their response on 9 September 2016 with conception dates but no actual reduction to practice dates.[4] (Doc. 282-12). In January 2017, almost a year later, defendants sought to amend their invalidity and non-infringement contentions under L. Pat. R. 3.7 (Docs. 160) and served plaintiffs with proposed amended contentions that asserted a new prior art reference, U.S. Pat. No. 8,417,061 to Kennedy *et al.*[5] ("Sungevity").[6] Defendants' motion being granted 01 May 2017, Sungevity now buttressed their invalidity contentions.

On learning of defendants' use of Sungevity, plaintiffs' attorneys asked clients and third parties to do a deeper dive into their records for more detail on invention dates and supporting documents. On 6 June 2017, plaintiffs gave their second response to interrogatory 7 (Doc. 293: 6). On 12 July 2017, they added to this response (Doc. 293:10), and on 19 July 2017, gave their third response. (Doc. 282-10). Also in July 2017, for the first time, plaintiffs produced reduction to practice documentation under Rule 3.2(b), newly gotten from the recent search. Transcript of 18 Oct 2017 Oral Argument at 6:17-25.

---

[2] L. Pat. R. 3.1 requires the party asserting infringement to serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions" that includes, among other things: (b) how each asserted claim is infringed by the alleged infringer's "accused instrumentality(ies)"; and (f) the priority date to which each asserted claim is allegedly entitled.

[3] INTERROGATORY NO. 7: Separately for each Asserted Claim of each the Asserted Patents, Identify the earliest date by which You contend that the alleged invention claimed therein was conceived and reduced to practice, Identify all acts You contend demonstrate diligence between conception and reduction to practice, Describe in detail the entire factual basis supporting such contention(s) including all facts that support the contention(s) and the contribution made by each person who was involved in the conception and reduction to practice of the alleged invention, and Identify all Documents Relating to that conception, diligence, or reduction to practice.

[4] According to U.S. patent practice, such response means the application filing date is the constructive reduction to practice date. *See* Manual of Patent Examining Procedure ("MPEP") 2138.05 [relating to both pre- and post-*AIA* US patents].

[5] Typically, in U.S. patent prosecution practice, U.S. references are identified by inventor name. For uniformity, the court follows the parties' preference to use the assignee name, Sungevity, for the '061 patent.

[6] Plaintiffs had initially disclosed in their Rule 3.1 disclosure a priority date of 17 April 2007. Because of this April 2007 priority date, the Sungevity examiner in the USPTO had cited the '436 patent as prior art. However, the Sungevity examiner eventually found the '436 patent not entitled to that priority date; and as a result, he allowed Sungevity. In so doing, the examiner effectively upended the prior art status of the '436 patent, from serving as key prior art against Sungevity to being potentially invalidated by Sungevity.

Specifically, when the Sungevity examiner decided, at least in his view, the priority date of the '436 patent was infirm, the filing date, 16 October 2008, of the '436 patent became its priority date, and therefore later than Sungevity's asserted priority date of 1 February 2008.

In the relevant portion of their Motion to Strike New Infringement Contentions, defendants asserted:   plaintiffs' July 2017 response to interrogatory 7 differed considerably from their September 2016 response in terms of invention dates for six of the seven asserted patents; and, the responsive documents supporting the July 2017 reply were newly produced without the diligence required by L. Pat. R. 3.7.  Defendants also sought to strike plaintiffs' 2017 interrogatory response but did not expressly ask to strike the newly-produced, supporting documents.

In response, plaintiffs contended: their supplemental answers to interrogatory 7 regarding specific invention dates were consistent with their prior responses and disclosures (Doc. 293: 29-30, 33);[7] and  only after defendants added Sungevity to their invalidity contentions in May 2017, were they required to update their answers with more specifics.  Doc. 293: 33.  Plaintiffs also argued that, since defendants had known about Sungevity for years and belatedly chose to assert it and seek further comparative information about plaintiffs' invention dates, (*Id.*)  plaintiffs were therefore compelled to do a more extensive search for invention and reduction to practice documentation.  Further, plaintiffs argued that, even if the July 2017 answers to interrogatory 7 encompassed substantially different information than that which they originally had provided, the new information was acquired quickly—therefore a diligent response—and cannot be deemed prejudicial because the updating was occasioned solely because of defendants' initiative to assert Sungevity.  *Id*. at 34.

In the relevant portion of his opinion, Magistrate Judge Schneider ruled that:  plaintiffs' July 2017 responses regarding invention and conception dates did not supplement, but rather amended their earlier interrogatory responses, which required plaintiffs to show diligence, which they had failed to do.  He also ruled, even though defendants had not expressly asked to strike plaintiffs' newly produced documentation (which included source code) responsive to L. Pat. R. 3.2(b), defendants had intended to so request and had corrected their oversight in oral argument.  Because of that correction, his ruling that struck plaintiffs' newly produced documentation was reasonable.

**LEGAL STANDARD**

A United States Magistrate Judge may hear and issue a decision on a non-dispositive, pre-trial matter pending before the court.  28 U.S.C. § 636(b)(1)(A); *Cardona v. General Motors Corp.,* 942 F.Supp. 968, 970 (D.N.J.1996); *see* Federal Rule of Civil Procedure 72(a) ("Fed. R. Civ. P." or "Rule"). The district court reverses a magistrate judge's decision only if it is "clearly erroneous or contrary to law" (28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A)). The appellant has the burden of showing the magistrate judge's decision meets the standard for reversal. *Exxon Corp. v. Halcon Shipping Co.*, 156 F.R.D. 589, 591 (D.N.J. 1994).

---

[7] They assert, for example, that their previous conception date for the '436 patent was "second half of 2006" versus their supplemented answer of 2 December 2006 and that their previous reduction to practice date for this patent was January 2008 versus their supplemented answer of 5 January 2008. Doc. 293:33.

3

A district court applies the "clearly erroneous" standard to a magistrate judge's fact finding (*Lithuanian Commerce Corp. v. Sara Lee Hosiery,* 177 F.R.D. 205, 213 (D.N.J.1997) (citing *Lo Bosco v. Kure Eng'g Ltd.,* 891 F.Supp. 1035, 1037 (D.N.J.1995); *See also Jazz Pharms., Inc., v. Roxane Laboratories, Inc., No. 10-6108,* 2013 WL 785067, at *1 (D.N.J. 28 Feb 2013)), which is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *see also Marks v. Struble*, 347 F.Supp.2d 136, 149 (D.N.J. 2004). Disagreement with the magistrate judge's fact finding is insufficient for reversal; and, a district judge may not consider evidence not before the magistrate judge. *See Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000); *see also Celgene Corp. v. Natco Pharma Ltd.,* No. 10-5197, 2015 WL 4138982, at *2 (D.N.J. 9 Jul 2017).

Additionally, when the appeal "seeks review of a matter within the purview of the magistrate judge, such as fact-finding in a discovery dispute, an even more deferential standard, the 'abuse of discretion' standard, must be applied." *Koninklijke Philips Elec. N.V. v. Hunt Control Sys., Inc.*, No. 11-3684, 2014 WL 5798109, at *2 (D.N.J. 7 Nov 2014) (citation omitted). Because of the magistrate judge's full involvement with the facts and record of the case (*Depomed, Inc. v. Purdue Pharma L.P. et al.*, No. 13-571, 2016 WL 6089699, at *3 (D.N.J. 14 Oct 2016), his/her decisions are reversed only for abuse of discretion. *Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 3735702, at *1 (D.N.J. 17 Sep 2010) (citation omitted); *see also C.G. v. Winslow Twp. Bd. of Educ.*, No. 13-6278, 2015 WL 3794578, at *2 (D.N.J. 17 Jun 2015)). An abuse of discretion occurs when a "material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *V. Mane Fils S.A., v. Int'l Flavors and Fragrances Inc.*, No. 06-2304, 2008 WL 4606313, at *3 (D.N.J. 16 Oct 2008).

The "contrary to law" standard applies to the magistrate judge's legal conclusions and requires *de novo* review to determine if the ruling has "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.,* 237 F.R.D. 545, 548 (D.N.J.2006); *see also Marks*, 347 F.Supp.2d at 149. However, the Federal Circuit has declared that its law, not that of a regional circuit, applies to "[d]ecisions enforcing local rules in patent cases", which "will be affirmed unless clearly unreasonable, arbitrary, or fanciful; based on erroneous conclusions of law; clearly erroneous; or unsupported by any evidence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1366–67 (Fed.Cir.2006) (citing *Genentech, Inc. v. Amgen, Inc.,* 289 F.3d 761, 774 (Fed.Cir.2002)).

**DISCUSSION**

In the relevant section of his Opinion, Magistrate Judge Schneider found that whether plaintiffs

may amend their response to interrogatory 7 required the application of L. Pat. R. 3.7.[8] (Doc. 329:29). He further found that Rule 3.7 demanded the newly-produced reduction to practice documents should have been originally "produced in December 2015, and at the latest by September 2016 when plaintiffs supplemented their answers to interrogatory 7 with their L. Pat. R. 3.2(b) document disclosures." *Id.* Since Magistrate Judge Schneider applied L. Pat. R. 37 to the Motion, this appeal is guided by Federal Circuit jurisprudence (*O2 Micro Int'l Ltd.*, 467 F.3d at 1366) and concerns whether plaintiffs supplemented as opposed to amended a legal contention.

Under L. Pat. R. 3.7, parties may amend contentions "only by order of the Court upon a timely application and showing of good cause." *Id.* Therefore, amendment (as opposed to supplementation) is permitted only when (1) there is a timely application, (2) a showing of good cause, and (3) the adverse party does not suffer undue prejudice. *Celgene Corp.,* 2015 WL 4138982, at *3.

Following Federal Circuit law, this Court in *Jazz Pharms., Inc.,* 2013 WL 785067 resolved an appeal of a magistrate judge's decision of infringement contentions under L. Pat. R. 3.7.[9] There, we recognized that local patent rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Id.* at *2 (citation omitted). Amendment—the addition of new disclosures and documentation—undermines the local rules' exhortation to crystallize litigation and demands a showing of good cause, i.e., ultimately a demonstration of diligence in searching for and providing the added information to the other parties. *Id.; O2 Micro Int'l Ltd.*, 467 F.3d at 1366. Thus, the party offering added information has the burden of showing diligence as to why it has to update disclosures and discovery request responses and couldn't give that information initially. *O2 Micro Int'l Ltd.*, 467 F.3d at 1366.

Although Rule 3.7 is not a straitjacket and allows a modest degree of flexibility in amending infringement contentions, at least near the outset of litigation (*See Celgene Corp.*, 2015 WL 4138982, at *3 (citing *Comcast Cable Commc'ns. Corp. v. Finisar Corp.,* No. 06–04206, 2007 WL 716131, at *2 (N.D.Cal. 2 Mar 2007))), unlike with pleadings, the policy of amending infringement contentions is not liberal, or else it would result in "shifting sands" patent litigation. *See King Pharms., Inc. v. Sandoz, Inc.,* Civ. No. 08–5974, 2010 WL 2015258, at *4 (D.N.J. 20 May 2010) (citing *Atmel Corp. v. Info. Storage Devices, Inc.,* No. 95–1987, 1998 WL 775115, at *2 (N.D.CA 5 Nov 1998)). *See generally*, Ellisen S. Turner, Swallowing The Apple Whole: Improper Patent Use By Local Rule, 100 MICH. L. REV. 640 (December, 2001) [discussing ways that patentees can manipulate the local patent rules when they don't set forth early all of their infringement contentions and specific invention dates.

Here, Magistrate Judge Schneider found that plaintiffs had not asserted a good reason why

---

[8] This is so because the" Rule not only applies to amendments to contentions but also to '[a]mendment of any ... disclosures, or other documents required to be filed or exchanged pursuant' to the Local Patent Rules." *Id*.
[9] *See also Merck Sharp & Dohme Corp., et al. v. Actavis Labs. FL, Inc.*, No. 15-6541, 2017 WL 2959241 (D.N.J. 10 Jul 2017); and *Janssen Products, L.P. v. Lupin Limited, et al.,* No. 10–5954, 2013 WL 3086378 (D.N.J 18 Jun 2013) [both involving the application of L. Pat. R. 3.7 to non-infringement contentions.

their July 2017 documentation and responses, which differed considerably from earlier ones, could not have been searched for and disclosed either with their Rule 3.1 disclosures in December 2015 or in their first supplemental response to interrogatory 7 a few months later. Opinion: 30-31. And, because of plaintiffs' failure to show early diligence under Rule 3.2(b), Magistrate Judge Schneider struck their 2017 response to interrogatory 7 and newly-obtained documentation.

Both to Judge Schneider and in this appeal, plaintiffs presented and relied on a "fairness" argument: Since in January 2017—more than a year after their initial invalidity contentions—defendants amended them to assert Sungevity, plaintiffs felt it fair they be allowed to respond by a tailored documentation search to defeat Sungevity. They argued such a response would avoid prejudice against them. Opinion: 30; Doc. 333: 9-10. Even in this appeal, plaintiffs did not expound why they did not disclose invention date details or specific documentation early on in the litigation.

It can be appreciated that plaintiffs may have been caught off-guard by the introduction of Sungevity into defendants' invalidity contentions. But, it also must be appreciated that the Local Patent Rules are all about getting litigation theories out there early. This emphasizes the patentee's early exercise of diligence both to analyze possible invalidity weaknesses in their asserted claims and to defend against these, and not wait until the other side sallies forth with a reference that has been known about for years.[10]

Against the backdrop of avoiding a discovery-upon-emergency approach when the other side surprises, Judge Schneider applied not only on-point legal analysis[11] but also thoroughly considered the parties' facts and arguments. His ruling that plaintiffs did not show the diligence needed in amending their original, non-specific Rule 3.2(b) disclosure is not unreasonable, arbitrary or fanciful, or contrary to law, as prescribed by *O2 Micro Int'l Ltd.*, 467 F.3d at 1366–67. Founded on his correct application of Rule 3.7, his decision demanded a finding of good cause, shown by diligently--not cunningly--applying the spirit and letter of L. Pat. Rules 3.1 and 3.2(b) from the beginning of the litigation,[12] which plaintiffs did not demonstrate. This Court affirms Magistrate Judge Schneider 's decision to strike plaintiffs' amended response to interrogatory 7 regarding new invention dates.

The second issue in this appeal concerns Magistrate Judge Schneider's decision to strike the newly produced documents accompanying plaintiffs' amended response to interrogatory 7. Plaintiffs contended that defendants did not request to strike these documents (Doc. 333-1: 5) in their motion

---

[10] For a more detailed look that plaintiffs knew of Sungevity for several years, *see* Doc. 408, Opinion granting, Without Prejudice and with Leave to Amend According to the Rules, Plaintiffs' Motion to Dismiss Defendants' Inequitable Conduct Counterclaim (Count XIX) under Fed. R. Civ. P. 12(b)(6) and Motion to Strike Defendants' Twelfth Affirmative Defense under Fed. R. Civ. P. 12(f). The details in that Opinion, Doc. 408 were expressed in Motions before this Court filed in May 2017 and constitute information also available to Magistrate Judge Schneider. Hence, this Opinion does not set forth facts not before the Magistrate Judge.

[11] from *Harvatek Corp. v. Cree, Inc.*, No. C14-05353, 2015 WL 4396379, at *3 (N.D. Cal. 17 Jul 2015).

[12] For a strikingly similar decision with similar facts, *see Karl Storz Endoscopy-America, Inc., v. Stryker Corporation, et al.*, No.14-cv-00876, 2017 WL 3888869 (17 Apr 2017)

papers.  However, during oral arguments, Magistrate Judge Schneider asked defendants if they had intended to so request, which oversight they corrected during the arguments. *See* Transcript Doc. 331, pg. 27:24 to 28:3.

This decision to strike does not directly apply the Local Patent Rules but is a discovery issue, reviewed under an abuse of discretion standard (*Koninklijke Philips Elec. N.V. v. Hunt Control Sys.*, Inc., WL 5798109, at *2).   A reversal requires a serious mistake in weighing relevant factors.  *V. Mane Fils S.A* 2008 WL 4606313, at *3.

Magistrate Judge Schneider said it made "little sense" to strike the new invention dates but not the late produced documents that supported them. Opinion, Doc. 329:28.  As Magistrate Judge Schneider's application of the Local Patent Rules was proper in rejecting plaintiffs' amended responses to interrogatory 7, Magistrate Judge Schneider cannot have made a serious mistake in striking the supporting documentation.  In fact, Magistrate Judge Schneider's not striking the supporting documentation may have involved a serious mistake, as that documentation may have created indeterminable ambiguity in the litigation.  Accordingly, this Court also affirms Magistrate Judge Schneider's decision to strike the newly-produced documentation supporting plaintiffs' amended response to interrogatory 7.

**CONCLUSION**

For these reasons, the Court denies plaintiffs' motion to appeal Magistrate Judge Schneider's decisions striking plaintiffs' July 2017 responses to defendants' interrogatory 7 and the newly-produced documentation supporting those responses.

Dated:  29 May 2018                                                                   s/Robert Kugler
                                                                                       ROBERT KUGLER
                                                                                       United States District Judge