# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Eagle View Technologies, Inc. *et al.*, | ) | |
| Plaintiffs, | ) | Civil No. 15-07025 (RBK/JS) |
| v. | ) | **Opinion** |
| Xactware Solutions, Inc. *et al.*, | ) | |
| Defendants. | ) | |

**KUGLER**, United States District Court Judge

This is a patent infringement action brought by Eagle View Technologies and Pictometry International [together "Plaintiffs"] against Xactware Solutions and Verisk Analytics [together "Defendants"]. Before the Court is Plaintiffs' motion for Partial Summary Judgment ["motion"] under Federal Rule of Civil Procedure ["Fed. R. Civ. P." or "Rule"] 56(a) to exclude U.S. Patent Number ["Pat. No."] 8,417,061 ["Sungevity"] as prior art to the asserted claims of U.S. Pat. No. 8,078,436 [" '436 patent"]. For the reasons below, Plaintiffs' motion for partial summary judgment is **DENIED.**

An appropriate Order accompanies this Opinion.

## 1.0    Background and Procedure

Plaintiffs are the owners of the patents at issue[1] that recite, among other things, business methods, systems, and computer readable storage media for providing a roof repair estimate. The claimed invention applies photogrammetric methods, that is, trigonometric calculations, to images of rooves in aerial photographs to compute roof measurements, in particular, roof pitch. Defendant Xactware Solutions, Inc., is a subsidiary of Defendant Verisk Analytics, and provides online technology tools and systems to insurance carriers, remodelers and construction service providers for determining replacement-cost. The parties have asserted they are competitors to each other (Doc. 15:¶1)[2].

The Court assumes the parties' familiarity with the many proceedings in this litigation and summarizes only those events relevant to the motion. On 23 September 2015, plaintiffs filed their original complaint against defendants and on 30 November 2015, an amended complaint. Both of these (Docs. 1 and 30) allege direct and indirect infringement under 35 U.S.C. §§ 271(a) and (b) of at least one claim of

---

[1] US8,078,436, re-examined (" '436 patent"); US8,170,840 (" ' 840 patent"); US8,818,770 (" '770 patent" ); US9,129,376 (" '376 patent"); US8,209,152 (" '152 patent"); US8,825,454 (" '454 patent" ); US9,135,737 (" '737 patent").

[2] "Doc." numbers refer to the document listed in the CM/ECF database of the U.S. District Court of New Jersey.

each patent at issue. On 27 January 2017, defendants filed a motion to amend their invalidity contentions (Doc. 160) to add U.S. Pat. No. 8,417,062 to Sungevity as a prior art reference against certain claims of the '436 patent, which on 2 May 2012, Magistrate Judge Schneider granted.

## 2.0  Parties' Contentions

Plaintiffs seek partial summary judgment that Sungevity be excluded as prior art to the asserted claims of the '436 patent. Their contention is that defendants have not met the burden of production by presenting no expert testimony that shows Sungevity's entitlement to the filing date of both its provisional applications. Doc. 473: 3. Plaintiffs contend, since defendants have not affirmatively detailed how both Sungevity provisional applications enable the Sungevity claims as granted, there is no evidence that Sungevity is prior art to the '436 patent. Therefore, no genuine dispute of material fact can exist regarding the invalidity of the '436 patent claims, which motivates for a grant of this motion. *Id.* at 5-7.

Defendants assert they have met their burden of proof. They argue it was the U.S. patent examiner's removal of the '436 patent as prior art over the Sungevity claims that cleared the way for the Sungevity grant. Defendants' argument is based on remarks of Sungevity's patent practitioner in the 04 September 2012 response to a Non-Final Rejection. There it is asserted the Pershing provisional application, U.S. Prov. App. 60/925,073, does not support the '436 patent claims as granted. Further asserted there is that the priority date of the '436 patent is its filing date of 16 October 2008, which is eight months later than Sungevity's priority date of 1 February 2008 from its earliest provisional filing.

Up to this point, the parties do not generally dispute any material fact. Distilled to its essence, the point of contention is whether defendants have met their burden of persuasion, which plaintiffs assert requires defendants to show in detail how the Sungevity provisional applications support under 35 U.S.C. 112(1) (pre-A.I.A.)—or in a term of art, enable--the Sungevity claims as granted. Defendants argue the very allowance of Sungevity must evidence that the Sungevity provisionals enable the granted claims, else why would the U.S. patent examiner issue the Sungevity allowance.

## 3.0  Legal Standards

In reviewing motions for summary judgment, the Court determines whether there is a "genuine dispute as to any material fact." *Fed. R. Civ. P.* 56(a). The moving party has the initial burden of showing no such genuine dispute exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If this showing is made, the burden then shifts to the non-moving party to offer evidence establishing the existence of a genuine dispute that compels a trial. *Id.* at 324. To meet its burden, the non-moving party must present more than mere allegations or denials, that is, "identify those facts of record which

would contradict the facts identified by the movant." *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002). If the non-movant fails to do so, the Court must grant summary judgment. *Big Apple BMW v. BMW of North America,* 974 F.2d 1358, 1363 (3d Cir.1992);

A fact is material only if it can "affect the outcome of the suit under governing law" (*Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006)). A material fact raises a genuine dispute "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n. 3 (3d Cir.1988). The Court considers all facts, their logical inferences, and all ambiguities in the light most favorable to the non-moving party (*Anderson v. Liberty Lobby,* 477 U.S. 242, 255; *Burton v. Teleflex Inc.,* 707 F.3d 417, 425 (3d Cir.2013)) and determines not "the truth of the matter," but whether a genuine dispute necessitates a trial. *Anderson,* 477 U.S. at 242; *Petruzzi's IGA Supermarkets v. Darling–Delaware Co.,* 998 F.2d 1224, 1230 (3d Cir.1993).

When contradictory, material facts are presented, a genuine dispute is raised and undercuts a decision for summary judgment. However, even with a presentation of contradictory facts, there can be no genuine dispute when one party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. When the movant has completely failed to show an essential element of its case, all other facts are immaterial. *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir.1992).

4.0     Discussion:  Burdens of Proof

The obligation under Rule 56 to demonstrate no dispute of material fact lies with plaintiffs. *Celotex Corp.,* 477 U.S. at 323. This obligation is a burden of proof and specifically, the burden of production. Wright et al., *Policy Background; Burdens of Proof*, 21B FED. PRAC. & PROC. EVID., Chapter 4, § 5122 (2d. ed., September 2018 Update); and Wright et al., *Summary* Judgment, 20 FED. PRAC. & PROC. DESKBOOK, Chapter 10, § 105.

To meet its burden of production here, plaintiffs are not necessarily required to line up evidence or proffer affidavits attesting to the lack of a genuine dispute of material facts. *Celotex Corp.,* 477 U.S. at 323-324. They may satisfy their production burden, so long as all evidentiary presumptions have been overcome, by showing defendants incapable of proving the essential element in their invalidity contentions, namely, that Sungevity constitutes a valid prior art reference to the '436 patent.  And, that has precisely been what plaintiffs have tried to do in this motion.

Specifically, plaintiffs have chosen not to have their own expert weigh in on whether either or both of the Sungevity provisionals enable the Sungevity claims as granted. Instead, they rely on deposition and other testimony to argue that it is defendants who bear the burden to get such expert confirmation, but did not. Plaintiffs argue defendants' failure to meet this evidentiary burden suffices to warrant summary judgment in plaintiffs' favor.

If defendants rightly bore such burden, theirs would be a burden of persuasion. Since burdens

of persuasion do not shift between the parties (*Technology Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 -1328 (Fed Cir.2008); *See* Wright et al., *Policy Background; Burdens of Proof*, *supra* [diagramming allocations of burdens of proof]), plaintiffs would not only be correct in asserting that no evidence demonstrates Sungevity as proper prior art, they would also be entitled to summary judgment as a matter of law. *Celotex*, 477 U.S. at 325.

However, plaintiffs are not correct because they have not met their own burden of production. *Technology Licensing Corp*, 545 at 1328. 35 U.S.C. § 282 (a) mandates the presumption that a granted U.S. patent is valid and states "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity". Implicit in plaintiffs' assertions is that the Sungevity reference, a granted U.S. patent, is not presumptively valid.

Fed. R. Evid. 301 states: "In a civil case, unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption". Thus, the party bearing the burden of production must overcome a statutory presumption, such as that in § 282 (a), in order to prove a "prima facie" case that no genuine dispute of material fact exists. *See* Wright et al., *Policy Background; Burdens of Proof*, *supra* [discussing especially the weight of production burden.]

Here, plaintiffs bear the burden of overcoming the presumption of Sungevity's validity. They cannot simply ignore that a U.S. patent examiner issued an allowance to Sungevity, especially after the Sungevity applicant purposefully copied claims from the '436 patent and alerted the examiner to this copying. Although the prosecution history of the Sungevity reference does not reveal what the U.S. examiner considered in allowing Sungevity, the examiner nonetheless knew the claims were copied from the '436 grant and allowed it anyway. Put simply, plaintiffs cannot pretend the Sungevity grant does not create a presumption of its validity.

Plaintiffs' underlying goal here has been to argue that Sungevity's validity in terms of claims enablement has not been shown. However, plaintiffs' burden of production requires their overcoming the statutory presumption of Sungevity's validity. Their mere assertions that defendants have not shown such proof fall far short of meeting that burden. To be clear, it is not defendants' burden to offer such proof; it is plaintiffs'. Since they have not met their burden of production, plaintiffs have not shown there is no genuine issue of material fact. Further, as plaintiffs have not met their burden of production in this motion, all other facts have become immaterial (*Katz,* 972 F.2d at 55); and, consequently, whether defendants have met their burden of persuasion has not been addressed.

For the reasons stated herein, plaintiffs' motion for partial summary judgment is DENIED.

Dated: 4 December2018　　　　　　　　　　　　　　　　　s/ Robert B. Kugler　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　ROBERT B. KUGLER
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge