Scott S. Christie
Matthew A. Sklar
Ravin R. Patel
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 848-5388

*Counsel for Defendants Xactware
Solutions, Inc. and Verisk Analytics, Inc.*

Lee Carl Bromberg
Wyley S. Proctor
Brian M. Seeve
Thomas R. Fulford
Thomas F. Foley
James Thomson
MCCARTER & ENGLISH, LLP
265 Franklin St.
Boston, Massachusetts 02110
(617) 449-6500

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC. and PICTOMETRY INTERNATIONAL CORP.,<br><br>        Plaintiffs,<br><br>   v.<br><br>XACTWARE SOLUTIONS, INC. and VERISK ANALYTICS, INC.,<br><br>        Defendants. | Civil Action No. 15-cv-07025-RBK-JS<br><br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE ANY ARGUMENT, EVIDENCE, TESTIMONY, OR REFERENCE TO ANY OF DEFENDANTS' INVALIDITY THEORIES ESTOPPED BY *INTER PARTES* REVIEW

## <u>TABLE OF CONTENTS</u>

I. INTRODUCTION ....................................................................................1

II. BACKGROUND ....................................................................................4

III. ARGUMENT.........................................................................................8

  A. Inter Partes Review Estoppel is Limited................................8

  B. The Doctrine Res Judicata is Inapplicable and Does Not Bar
   Defendants' Invalidity Arguments.......................................15

  C. The Exclusion of Invalidity Arguments Will Be Difficult to
   Implement and May Require a New Trial...........................19

IV. CONCLUSION...................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Aqua Prod., Inc. v. Matal*,
   872 F.3d 1290 (Fed. Cir. 2017) ............................................................9

*Barclay v. United States*,
   443 F.3d 1368 (Fed. Cir. 2006) ..........................................................12

*BTG Int'l Ltd. v. Amneal Pharm. LLC*,
   352 F. Supp. 3d 352 (D.N.J. 2018).................................................12, 20

*CoreStates Bank, N.A. v. Huls Am., Inc.*,
   176 F.3d 187 (3d Cir. 1999) ...........................................................16, 17

*Depomed, Inc. v. Purdue Pharma L.P.*,
   No. CV 13-571 (MLC), 2016 WL 8677317 (D.N.J. Nov. 4, 2016).........9, 10, 14

*Finjan, Inc. v. Blue Coat Systems, LLC*,
   283 F. Supp. 3d 839 (N.D. Cal. 2017).................................................10

*Foster v. Hallco Mfg. Co.*,
   947 F.2d 469 (Fed. Cir. 1991) ............................................................16

*Hallco Mfg. Co. v. Foster*,
   256 F.3d 1290 (Fed. Cir. 2001) ..........................................................16

*HP Inc. v. MPHJ Tech. Inv., LLC*,
   817 F.3d 1339 (Fed. Cir. 2016) ...............................................10, 11, 14

*Intellectual Ventures I LLC v. Toshiba Corp.*,
   221 F. Supp. 3d 534 (D. Del. 2016).....................................................10

*Intellectual Ventures I LLC v. Toshiba Corp.*,
   No. CV 13-453-SLR, 2017 WL 107980 (D. Del. Jan. 11, 2017)................11, 15

*Koninklijke Philips N.V. v. Wangs All. Corp.*,
   No. CV 14-12298-DJC, 2018 WL 283893 (D. Mass. Jan. 2, 2018) ...........11, 14

*Milwaukee Elec. Tool Corp. v. Snap-On Inc.*,
   271 F. Supp. 3d 990 (E.D. Wis. 2017) ............................................................14

*Purter v. Heckler,*
   771 F.2d 682, 691 (3d Cir. 1985) ....................................................................18

*SAS Inst., Inc. v. Iancu*,
   138 S. Ct. 1348 (2018)..............................................................................12, 13

*Synopsys, Inc. v. Mentor Graphics Corp.*,
   814 F.3d 1309 (Fed. Cir. 2016) .........................................................................9

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc*,
   No. 12-CV-05501-SI, 2017 WL 235048 (N.D. Cal. Jan. 19, 2017) ..................11

FEDERAL STATUTES

35 U.S.C. § 311 ...............................................................................14, 17, 18

35 U.S.C. § 315 ................................................................................*passim*

35 U.S.C. § 316 ..............................................................................................18

REGULATIONS

37 CFR § 42.24 ..............................................................................................18

ME1 30377064v.3

## I.    INTRODUCTION

The motion of Plaintiff Eagle View Technologies, Inc. ("Eagle View") to improperly expand the scope of *inter partes* review ("IPR") estoppel should be denied because it misinterprets the relevant statute and disregards controlling law of the Court of Appeals for the Federal Circuit (the "Federal Circuit"). The sweeping assertion of IPR estoppel in Eagle View's motion is inapplicable here because IPR proceedings involve statutorily-restricted validity challenges, take place in a different forum under different standards of proof, and are not binding on this Court. In addition, only two of the eleven asserted claims in this case were the subject of rulings in the PTAB, which did not alter their status in this case. Indeed both rulings found that while obviousness of those two claims had been established by the cited prior art references, they were outweighed by a presumption of commercial success. In other words, the two claims survived a particular validity challenge by the thinnest of margins. The two claims remain subject to validity challenge under multiple grounds in this Court, as do the nine other asserted claims. Eagle View's instant motion risks extreme jury confusion and prejudice to Defendants, including to Defendants' right to a jury trial itself.

Neither does the doctrine of *res judicata* bar Defendants' invalidity arguments in this litigation, which involves different causes of action. Furthermore, and perhaps most importantly, the radical excising of invalidity arguments from

trial sought by Plaintiff cannot be implemented without severe prejudice to Defendants, would confuse the jury, and would likely render the upcoming trial futile. Eagle View's motion should be denied.

The *inter partes* review estoppel statute is only triggered with respect to a claim when, among other things, the U.S. Patent & Trademark Office's Patent Trial and Appeal Board ("PTAB") both (1) institutes review on *that* claim and (2) issues a final written decision. Moreover, the Federal Circuit has explained that *inter partes* review estoppel does not apply to invalidity grounds not forming the basis for institution of review proceedings. In other words, an IPR petitioner is not precluded from pursuing a decision on the merits of an invalidity argument set forth in a petition if the PTAB fails to address the issue. Furthermore, controlling Federal Circuit law establishes that estoppel should not apply to grounds that are not even included in a petition, regardless of the circumstances.

Eagle View's disregard of controlling Federal Circuit law should not be entertained. *Inter partes* review proceedings are limited in scope and limited in length, and the invalidity grounds that can be presented in those proceedings are narrow. There is no reason to artificially limit arguments in this litigation in derogation of Defendants' right to a fair trial.

Contrary to Eagle View's unfounded argument, the doctrine of *res judicata*, likewise, does not limit the invalidity arguments in this case in any respect.

Although the *inter partes review* proceedings that serve as the basis for Eagle View's motion concern patents that are asserted in the lawsuit, this case is an entirely different matter.   Namely, this case arose from specific infringement allegations concerning specific accused products.   Defendants' invalidity arguments and counterclaims were brought in response to those allegations.   By contrast, *inter partes* review proceedings do not require the presence of infringement allegations.   Moreover, given their nature, *inter partes* review proceedings are not equivalent to district court litigation, and do not place limitations on subsequent court proceedings under the *res judicata* doctrine.   In short, *inter partes* review proceedings before the PTAB and patent litigation proceedings in District Court involve different causes of action and different issues, and Eagle View's *res judicata* arguments fall flat.   Eagle View is overreaching, and its attempt to expand *inter partes* review estoppel through an unrelated doctrine should not be credited.

Finally, there is no practical reason to limit the presentation of invalidity theories at trial.   It will be difficult, if not impossible, to implement Eagle View's request for an exclusion of evidence and arguments without fundamental disruption and confusion.   The prior art that is the subject of Eagle View's motion relates, among other things, to invalidity arguments regarding patents and at least nine of the eleven asserted claims that were not addressed in any final *inter partes*

ME1 30377064v.3

review decision at all, as well as invalidity arguments that are not based solely on printed publications.   Even Eagle View acknowledges that these patents and arguments are not subject to *inter partes* review estoppel.   And yet, against this backdrop, Eagle View has set forth no suggestion as to how its request for exclusion should be implemented at trial.   The impact of the *inter partes* review estoppel, if any, can be addressed following trial.   Eagle View has failed to set forth any credible argument that it will be prejudiced if Defendants are permitted to present invalidity theories at trial without restriction.   Because Eagle View's position is unsupported, granting its motion presents a risk that this case will have to be tried again due to an incorrect exclusion of evidence.   Eagle View's motion is unfounded, unjustified, and runs the risk of significantly disrupting these proceedings.   It should be denied outright.

## II.    BACKGROUND

The validity of only two of the eleven currently asserted claims were addressed in final written decisions issued by the PTAB as a result of *inter partes* review proceedings.   Specifically, of the currently asserted claims, only validity arguments relating to claim 26 of U.S. Patent No. 8,825,454 ("the '454 patent") and claim 25 of U.S. Patent No. 9,135,737 ("the '737 patent") were addressed in final written decisions.   None of the other asserted claims – including claim 12 of U.S. Patent No. 8,818,770 ("the '770 patent") – was the subject of a validity

determination in a final written decision.  Importantly, as Eagle View recognizes, in its final written decisions, the PTAB *only* determined – albeit incorrectly – that claim 26 of the '454 patent and claim 25 of the '737 patent are not invalid in view of the Avrahami and Applicad printed publications.   Indeed, the PTAB found that the prior art cited by Defendant Xactware Solutions, Inc. ("Xactware") made out a case of obviousness as to both claims, but was outweighed by an evidentiary presumption of commercial success.

Xactware filed petitions for *inter partes* review regarding the '454 patent, the '737 patent, and the '770 patent.  With regard to the '454 Patent, Xactware filed two petitions, and only one of those petitions resulted in a final written decision regarding the claim asserted here – claim 26.  Specifically, in one petition, Xactware argued that claim 26 of the '454 patent is invalid in view of the Avrahami and Applicad printed publications as well as the combination of the Hsieh and Applicad printed publications.  [Dkt. No. 583-3 at Ex. 3, p. 2.] In its other petition, Xactware argued that claim 26 of the '454 patent is invalid in view of the McKeown and Applicad printed publications.  [Christie Decl. at Ex. 1 at pp. 2, 5.][1] Nonetheless, the PTAB only initiated *inter partes* review proceedings on invalidity grounds based on the combination of the Avrahami and Applicad printed

---

[1] "Christie Decl." refers to the concurrently submitted declaration of Scott S. Christie filed in support of this opposition.

publications and only issued a final written decision regarding claim 26 concerning that combination. [Dkt. No. 583-3 at Ex. 2; Christie Decl. at Ex. 1 at pp. 2, 5.]

With regard to the '737 patent, Xactware similarly filed two petitions for *inter partes* review, and only one of those petitions resulted in a final written decision regarding the claim asserted here – claim 25. In one of those petitions, Xactware argued that claim 25 of the '737 patent is invalid in view of the Avrahami and Applicad printed publications as well as the combination of the Hsieh and Applicad printed publications. [Dkt. No. 583-3 at Ex. 8, p. 5.] In its other petition, Xactware argued that claim 25 of the '737 patent is invalid in view of the McKeown and Applicad printed publications. [Christie Decl. at Ex. 2, pp. 5, 12.] Yet the PTAB only initiated *inter partes* review proceedings on invalidity grounds based on the combination of the Avrahami and Applicad printed publications, and only issued a final written decision regarding claim 25 concerning that combination. [Dkt. No. 583-3 at Ex. 7, pp. 5, 36; Christie Decl. at Ex. 2, pp. 5, 12.]

With regard to the '770 patent, Xactware filed two petitions for *inter partes* review, but the PTAB did not institute proceedings regarding claim 12, which is the sole claim of the '770 patent that is asserted here. As such, although the PTAB issued a final written decision regarding certain claims of the '770 patent, it did <u>not</u> issue a final written decision on the claim of that patent currently asserted in this

case – claim 12. Xactware argued in one petition for *inter partes* review that claim 12 is invalid in view of the combination of the Hsieh and Applicad printed publications. [Dkt. No. 583-3 at Ex. 5, p. 5.] In its other petition regarding that claim, Xactware argued that claim 12 of the '770 patent is invalid over the Avrahami and Applicad printed publications as well as the McKeown and Applicad printed publications. [Christie Decl. at Ex. 3, pp. 5, 12.] Nonetheless, the PTAB did not institute *inter partes* review proceedings regarding claim 12 of the '770 patent on any grounds. [Dkt. No. 583-3 at Ex. 5, p. 17; Ex. 6, p. 2; Christie Decl. at Ex. 3, pp. 5, 12.]

The following chart summarizes the results of the *inter partes* review proceedings sought by Xactware concerning the patent claims implicated by Eagle View's motion:

| Asserted Patent Claim | Printed Publication-Based Argument set Forth in Petitions for *Inter Partes* Review | Institution and Final Written Decision Addressing Asserted Patent Claim |
|---|---|---|
| Claim 26 of the '454 patent | First Petition: Avrahami and Applicad; Hsieh and Applicad<br><br>Second Petition: McKeown and Applicad | Institution in view of Avrahami and Applicad;<br><br>Final Written Decision states that claim is not invalid |

| | | over Avrahami and Applicad. |
|---|---|---|
| Claim 25 of the '737 patent | First Petition: Avrahami and Applicad; Hsieh and Applicad<br><br>Second Petition: McKeown and Applicad | Institution in view of Avrahami and Applicad;<br><br>Final Written Decision states that claim is not invalid over Avrahami and Applicad. |
| Claim 12 of the '770 patent | First Petition: Hsieh and Applicad<br><br>Second Petition: Avrahami and Applicad; McKeown and Applicad | No institution; no final written decision. |

## III.    ARGUMENT

### A.    Inter Partes Review Estoppel is Limited

The estoppel placed on civil litigation proceedings  as a result of *inter partes*

review is set forth in 35 U.S.C. §315(e)(2):

> Civil actions and other proceedings.--The petitioner in an inter partes review **of a claim** in a patent under this chapter that results in a **final written decision** under section 318(a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 **that the claim** is invalid on any ground that the petitioner **raised or reasonably could have raised during that inter partes review**.

35  U.S.C.  §315(e)(2)  (emphasis  added).    Among  other  things,  the  statutory

language itself indicates that estoppel is applied on a patent claim-by-patent claim

basis.  *See Depomed, Inc. v. Purdue Pharma L.P.*, No. CV 13-571 (MLC), 2016 WL 8677317, at *8 (D.N.J. Nov. 4, 2016) ("if a claim of a patent is not instituted in an IPR, and there is no final written decision as to that claim, the estoppel provisions of 35 U.S.C. § 315(e) do not apply").[2]  That is, the estoppel provision is triggered in an *inter partes* review of a patent claim that results in a final written decision, and the party subject to the provision may not assert, under certain circumstances, specific invalidity grounds regarding that patent claim in a civil action.  Correspondingly, as the Federal Circuit has explained, *inter partes* review of a claim "does not begin until it is instituted."  *Shaw Indus. Grp., Inc. v. Automated Creel Sys.*, Inc., 817 F.3d 1293, 1300 (Fed. Cir. 2016), *cert. denied*, 137 S. Ct. 374 (2016).  As such, in the absence of an institution, there can be no *inter partes* review-based estoppel.  *See id.*

Likewise, as the Federal Circuit explained in *Shaw*, when the PTAB does not institute *inter partes* review proceedings on a specific ground, there is no *inter partes* review-based estoppel on that ground.  *Id.* ("Shaw raised its Payne-based ground in its petition for IPR. the [Board] denied the petition as to that ground, thus no IPR was instituted on that ground. . . . Shaw did not raise—nor could it

_____

[2] *Depomed* cites to *Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1316 (Fed. Cir. 2016) as support for that principle.  *See Synopsys*, 814 F.3d  at 1316 ("The validity of claims for which the [PTAB] did not institute inter partes review can still be litigated in district court.") *Synopsys* was overruled on other grounds by *Aqua Prod., Inc. v. Matal*, 872 F.3d 1290 (Fed. Cir. 2017).

ME1 30377064v.3

have reasonably raised—the Payne-based ground *during* the IPR."). Without institution, the ground cannot be raised *during inter partes review*, which is what the pertinent statute requires. *See id.*; *see also* 35 U.S.C. § 315(e)(2). In other words, non-instituted grounds are not subject to the estoppel bar of 35 U.S.C. § 315 because such grounds cannot be raised during *inter partes* review. *See Shaw*, 817 F.3d at 1300; *Depomed*, 2016 WL 8677317, at *6 n.4 (recognizing that "noninstituted grounds do not become part of the IPR" and are not subject to estoppel under 35 U.S.C. § 315(e)(2)); *see also HP Inc. v. MPHJ Tech. Inv., LLC*, 817 F.3d 1339, 1347 (Fed. Cir. 2016) ("[N]oninstituted grounds were not raised and, as review was denied, could not be raised in the IPR. Therefore, the estoppel provisions of § 315(e)(1) [concerning other proceedings before the patent office] do not apply.").

District Courts have interpreted the Federal Circuit's *Shaw* decision to mean that "§ 315(e)(2) estoppel applies only to grounds that were both raised in the IPR petition and instituted in the IPR proceeding." *Finjan, Inc. v. Blue Coat Systems, LLC*, 283 F. Supp. 3d 839, 856 (N.D. Cal. 2017); *Intellectual Ventures I LLC v. Toshiba Corp.*, 221 F. Supp. 3d 534, 553–54 (D. Del. 2016) (*Shaw* precludes application of estoppel to grounds on which *inter partes* review was not instituted, including grounds not presented in a petition "despite their public nature"); *see also Koninklijke Philips N.V. v. Wangs All. Corp.*, No. CV 14-12298-DJC, 2018

WL 283893, at *4 (D. Mass. Jan. 2, 2018) (refusing to apply estoppel under 35 U.S.C. § 315 to grounds not included in petitions for *inter partes* review). Moreover, because the *Shaw* court determined that "during" *inter partes* review – as relevant to 35 U.S.C. § 315 – refers to the period after institution, and a petitioner cannot raise or reasonably raise additional invalidity grounds at that time, estoppel should not apply to grounds that are not included in a petition regardless of the circumstances. *See Philips*, 2018 WL 283893, at *4; *cf. Intellectual Ventures I LLC v. Toshiba Corp.*, No. CV 13-453-SLR, 2017 WL 107980, at *1-2 (D. Del. Jan. 11, 2017) (in light of *Shaw*, refraining from applying estoppel on an invalidity ground that was never raised in *inter partes* review, but reasonably could have been raised).[3]

The statutory language makes it clear that estoppel should only apply, if at all, to grounds and claims that were adjudicated and conclusively addressed in a final written decision, and *Shaw* is consistent with this conclusion. A party

---

[3] Despite Eagle View's implications, district courts have not universally interpreted the *Shaw* court's determination that estoppel does not apply to non-instituted grounds to be dependent upon the PTAB's reasoning behind its decision not to institute proceedings. *See, e.g., Verinata Health, Inc. v. Ariosa Diagnostics, Inc*, No. 12-CV-05501-SI, 2017 WL 235048, at *3 (N.D. Cal. Jan. 19, 2017) (rejecting argument that "*Shaw* only applies in a specific set of circumstances that were present in that case: where the PTAB chooses not to institute on some grounds because they are 'redundant,' but offers no explanation or analysis as to the redundancy"). *Shaw* stated that the "plain language of the statute prohibits the application of estoppel" to a non-instituted ground without regard to the basis for non-institution. *Shaw*, 817 F.3d at 1300; *see HP Inc.*, 817 F.3d at 1347.

challenging validity is entitled to a resolution of its challenge on the merits. And here, the Court should permit Defendants to present their invalidity defenses, without restriction during trial. Eagle View's contention that a broader application of estoppel is more appropriate flies in the face of the statute and the Federal Circuit's controlling *Shaw* decision and is unsupported by citation to controlling authority.[4]

Eagle View's assertion that the Federal Circuit's guidance in *Shaw* ought to be set aside in view of *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354 (2018), should be rejected. *Shaw*, which directs that estoppel under 35 U.S.C. § 315(e)(2) be applied in a narrow manner, is controlling. *See Barclay v. United States*, 443 F.3d 1368, 1373 (Fed. Cir. 2006) ("Panels of this court are bound by previous precedential decisions until overturned by the Supreme Court or by this court *en banc*."). In *SAS*, the Supreme Court explained that when the PTAB initiates *inter*

---

[4] The decision from a sister-court in this District in *BTG Int'l Ltd. v. Amneal Pharm. LLC*, 352 F. Supp. 3d 352, 374 n.13 (D.N.J. 2018) – which is currently subject to appellate proceedings – does not stand for the broad application of *inter partes review*-based estoppel that Eagle View seeks to apply in this case. In *BTG*, the plaintiffs sought to estop the defendants from asserting patent invalidity when the defendants prevailed on that issue before the PTAB. *See id.* Those circumstances are not before this court. Nonetheless, the *BTG* court rejected an application of *inter partes review*-based estoppel in connection with a motion *in limine*, and recognized that "case law contains no deep analysis of the [estoppel] issue." *See id.* Notably, the *BTG* court explained that its "goal has been to hear all claims and compile the fullest possible record on the matters submitted to [the court] for decision." *Id.*

*partes* review, it must review every challenged claim. *SAS*, 138 S. Ct. at 1353-54. The Supreme Court in *SAS* did not overrule *Shaw*, and in fact, did not address how estoppel under 35 U.S.C. § 315 should be applied at all. Although the Federal Circuit has granted requests for remand to the PTAB to consider non-instituted grounds following *SAS*, Eagle View fails to point to any controlling law indicating that such a request is required.

The law thus precludes the application of estoppel to any of the invalidity challenges in the "categories" identified in Eagle View's motion, and Defendants should be permitted to address them at trial:

- Category 1 - Grounds that Defendants raised in their IPRs, were instituted, and on which the PTAB issued a Final Written Decision. The arguments that Defendants will present at trial are not identical to those covered by this category. For example, Defendants will build upon the prior-art based arguments that were addressed in the final written decisions of the PTAB. That prior art is reflective of what was known or used by others prior to the purported inventions of the asserted claims. Those types of arguments – *i.e.*, arguments that are not solely based on patents and printed publications – cannot be raised in *inter partes* review proceedings and should not be subject to

estoppel or excluded from trial.  *See* 35 U.S.C. § 311.  There is no basis for limiting the scope of the trial in this manner.[5]

- Category 2 - Grounds that Defendants raised in their IPRs, but were not instituted, where a Final Written Decision issued on the instituted grounds.  Under *Shaw*, non-instituted grounds are not subject to estoppel even when a final written decision addressing a claim is rendered.  *See Shaw*, 817 F.3d at 1300; *HP Inc.*, 817 F.3d at 1347. Moreover, it is incorrect to characterize claim 12 of the '770 patent as falling within this category.  *Inter partes* review proceedings were never instituted with regard to claim 12 of the '770 patent, and there is no question that the estoppel provisions of 35 U.S.C. § 315 do not apply.  *See Depomed*,  2016 WL 8677317, at *8.

- Category 3 - Grounds that Defendants "reasonably could have raised" in their IPRs for which the PTAB issued a Final Written Decision.  As noted above, courts have interpreted *Shaw* to mean that *inter-partes* review estoppel should not be applied to grounds that are not included in a petition.  *Philips*, 2018 WL 283893, at *4; *Intellectual Ventures I*,

---

[5] Case law cited by Eagle View itself recognizes that *inter partes* review-based estoppel cannot affect arguments unavailable in *inter partes* review.  *See Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 271 F. Supp. 3d 990, 1030 (E.D. Wis. 2017) ("To the extent any reference mentioned . . . can be used to support another ground of relief not available to an IPR petitioner, it can be used for that purpose.").

2017 WL 107980, at *1-2.  That interpretation applies in this case as well.[6]  Although Eagle View contends that the PTAB's interpretation of 35 U.S.C. § 315(e) weighs in favor of applying estoppel to grounds not included in the petition, the PTAB's decisions are not binding on this court.  Likewise, the PTAB has demonstrated its fallibility in interpreting the *inter partes* review statute.  By way of example only, its policy of partial institution was rejected by the Supreme Court in *SAS*.  *See SAS*, 138 S. Ct. at 1353-54.

## B.  The Doctrine of Res Judicata is Inapplicable and Does Not Bar Defendants' Invalidity Arguments

Eagle View's claim that invalidity arguments should be excluded from trial under the doctrine of *res judicata* – which is also known as claim preclusion – is

---

[6] As at least one court has recognized, requiring a petition to include every ground one "think[s] might be relevant" in a petition in order to avoid estoppel is "inconsistent" with the constraints and limitations placed on *inter partes* review petitions and proceedings.  *See Intellectual Ventures I*,  2017 WL 107980, at *1. Moreover, it is clear under *Shaw* that petitioned, but non-instituted grounds should not be subject to estoppel for the claims addressed in final written decisions.  In this case, that means that Defendants should not, at the very least, be estopped from arguing that claim 26 of the '454 patent and claim 25 of the '737 patent are invalid in view of Hsieh and Applicad and/or McKeown and Applicad.  Likewise, because claim 12 of the '770 patent was never part of the *inter partes review* proceedings and not subject to estoppel at all, there is no doubt that under *Shaw*, Defendants may argue at trial that claim 12 is invalid in view of Avrahami and Applicad, Hsieh and Applicad and/or McKeown and Applicad.

15

entirely without merit.[7]  *Res judicata* requires "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on *the same cause of action*." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (emphasis added).  As Eagle View recognizes – but fails to appreciate – *res judicata* issues "particular to patent law" are governed by Federal Circuit law.  *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001).

In accordance with *res judicata* analysis, "a 'claim' rests on a particular factual transaction or series thereof on which a suit is brought." *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479 (Fed. Cir. 1991).  Accordingly,  "[a]n assertion of invalidity of a patent by an alleged infringer is not a 'claim' but a defense to the patent owner's 'claim.'"  *Id.*  Furthermore, "that the issues of invalidity and enforceability are raised in a declaratory judgment action does not change what is the 'claim.'"  *Id.*  Therefore, "the 'claim' of the declaratory judgment suit is based on the facts related to the patent owner's charge of infringement."  *Id.*  In short, therefore, for the purposes of a *res judicata* analysis, Defendants' invalidity defenses and counterclaims in this action are tied to and rest upon Plaintiff's

---

[7] Although issue preclusion or collateral estoppel has been characterized as falling within the ambit of "*res judicata*," Eagle View only argues (incorrectly) that claim preclusion should be applied here.  *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001).  Thus, for the purposes of this brief, "*res judicata*" refers only to claim preclusion.

16

infringement allegations.  The infringement allegations serve as the basis for the Defendants' "claims" and "causes of action" here.

In contrast, *inter partes* review proceedings are not dependent upon and do not require infringement allegations.  *See* 35 U.S.C. §§ 311, 315 (indicating that *inter partes* review can proceed even in the absence of an infringement suit or infringement allegation).  Accordingly, for the purposes of *res judicata*, an *inter partes* review proceeding is not the same cause of action as a patent infringement litigation – even when the same patent is implicated.  Eagle View unsurprisingly fails to provide any support for its contention that "this lawsuit is based on the same set of transactional facts as the IPRs" because none exists.  Insofar as the *inter partes* review proceedings regarding the patents asserted here and this litigation itself are not based on the same cause of action, *res judicata* is inapplicable.  Furthermore, the invalidity challenges in an IPR proceeding are strictly limited to "patents or printed publications," 35 U.S.C. §311(b), while invalidity challenges at trial are unrestricted.  Hence even the breadth of invalidity issues do not present the same cause of action in an *inter partes* review proceeding as are presented at trial.  Accordingly *res judicata* does not apply here.

Moreover, *res judicata* should not be applied when the first judgment sought to be relied upon was rendered in a forum that did not permit the party that may be subject to preclusion to proceed with its entire claim.  *See CoreStates Bank*, 176

17

F.3d at 198; *see also* Restatement (Second) of Judgments § 26(1)(c); *cf. Purter v. Heckler,* 771 F.2d 682, 691 (3d Cir. 1985) ("when res judicata is applied in the context of administrative proceedings under the Act, it is not encrusted with the rigid finality that characterizes its application in purely judicial proceedings").   By design, an *inter partes* review proceeding is limited.   *See*, *e.g.*, 35 U.S.C. §311(b) (*inter partes* concerns a challenge to one or more claims of a patent "only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications"); 35 U.S.C. §316 (granting the United States Patent and Trademark Office the ability to establish regulations for *inter partes* review); *see also* 37 CFR § 42.24 (placing limits on length of submissions to the PTAB).   District court litigation proceedings relating to patent validity, by contrast, are more extensive.   For example, in district court, no limitation is placed on the types of invalidity arguments that can be advanced and fulsome discovery – from parties and third-parties – is available.   At least in view of these significant differences, there is no reason why a limited, administrative proceeding should prevent a party from proceeding with invalidity arguments in district court under the doctrine of *res judicata*.   And once again, Eagle View fails to provide any support for its contrary position.[8]

---

[8] Moreover, Eagle View ignores that an application of *res judicata* would render the estoppel provisions of 35 U.S.C. § 315 superfluous.  That is, there would be no

### C.     The Exclusion of Invalidity Arguments Will Be Difficult to Implement and May Require a New Trial

Finally, any restriction on Defendants' presentation at trial should be rejected as prejudicial to Defendants' right to a fair trial.

First, it will be difficult to implement Eagle View's request. Eagle View's motion only relates to three patent claims, even though it continues to assert a total of 11 patent claims in this case. And yet, through its request, Eagle View seeks to limit presentations relating to prior art that touches upon invalidity arguments relating to all of the patents in this case as well as bases for invalidity that could not have been raised in *inter partes* review proceedings. It is not possible to grant Eagle View's request in a manner that does not unfairly impinge upon Defendants' ability to present its invalidity defenses. Nor has Eagle View framed its request in a manner that can be easily implemented. Indeed, Eagle View has asked for the exclusion of "evidence or argument regarding the estopped invalidity arguments at trial" without establishing any clear boundaries defining the material it seeks to exclude.

Second, Eagle View has not established – let alone even implied – that it will somehow be prejudiced if its motion is not granted. There is no reason to believe that the trial will be streamlined or simplified if certain invalidity defenses

---

need for an estoppel provision regarding invalidity arguments made in *inter partes* review if those arguments would nevertheless be precluded by the *res judicata* doctrine.

19

relating to only a subset of the asserted claims are excluded. As noted above, the prior art that is the subject of Eagle View's motion– as well as arguments regarding that art – will remain in the case even if Eagle View's request is granted.

Third, the practical response to Eagle View's motion is not to limit the scope of invalidity arguments at trial, but to allow a full trial record to develop. This is especially true because Eagle View's motion relates to only three of 11 asserted claims. The other eight asserted claims must in all events be subject to every invalidity challenge available to Defendants. Even for the three asserted claims it identifies, Eagle View has not established that *inter partes* review-based estoppel is applicable, much less that it must be applied prior to trial by way of the exclusion of evidence and argument. Correspondingly, because patent invalidity is a critical issue in this case, the erroneous exclusion of invalidity arguments now may result in a mandatory retrial of what is likely to be a lengthy and complicated proceeding. Indeed, because – as even Eagle View acknowledges – there are competing interpretations of controlling law regarding *inter partes* review-based estoppel, it would be most prudent for the Court were to permit the development of a full record. *See BTG*, 352 F. Supp. 3d at 374 n.13.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Eagle View's motion and allow Defendants to pursue their invalidity arguments at trial without restriction.

20

Dated: May 16, 2019                    Respectfully submitted,

                                       *s/ Scott S. Christie*
                                       Scott S. Christie
                                       Matthew A. Sklar
                                       Ravin R. Patel
                                       MCCARTER & ENGLISH, LLP
                                       Four Gateway Center
                                       100 Mulberry Street
                                       Newark, New Jersey 07102
                                       (973) 848-5388

                                       Lee Carl Bromberg
                                       Wyley S. Proctor
                                       Brian M. Seeve
                                       Thomas R. Fulford
                                       Thomas F. Foley
                                       James Thomson
                                       MCCARTER & ENGLISH, LLP
                                       265 Franklin St.
                                       Boston, Massachusetts 02110
                                       (617) 449-6500

                                       *Counsel for Defendants Xactware*
                                       *Solutions, Inc. and Verisk Analytics,*
                                       *Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that true copies of the foregoing

DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION IN

LIMINE TO EXCLUDE ANY ARGUMENT, EVIDENCE, TESTIMONY, OR

REFERENCE TO ANY OF DEFENDANTS' INVALIDITY THEORIES

ESTOPPED BY *INTER PARTES* REVIEW and supporting documents were

caused to be served on May 16, 2019 via ECF and/or email upon counsel of record.


By: *s/Scott S. Christie*

Scott S. Christie