[Doc. No. 566]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC. et al.,<br><br>        Plaintiffs,<br>  v.<br><br>XACTWARE SOLUTIONS, INC. et al.,<br><br>        Defendants. | Civil No. 15-7025 (RMB/JS) |

**O R D E R**

This matter is before the Court on the "Motion to Seal" ("motion") [Doc. No. 566] filed by defendants Xactware Solutions, Inc. and Verisk Analytics, Inc. (collectively, "defendants"). The Court exercises its discretion to decide the motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the following reasons, the motion is GRANTED.

Defendants' motion is supported by the Declaration of Jeffrey D. Lewis [Doc. No. 566-2] and an index [Doc. No. 566-1]. Defendants seek to redact and seal portions of the transcript of proceedings held on February 4, 2019 before the Honorable Robert B. Kugler, U.S.D.J. [Doc. No. 561]. The limited portions of the transcript defendants seek to seal are listed in the index attached to their motion.

1

It is well-established there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal it must demonstrate that "good cause" exists for protection of the material at issue. Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).

The applicable requirements to seal documents are set forth in L. Civ. R. 5.3(c), which requires that a motion to seal describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3(c)(3).

The Court has reviewed the subject materials in detail to decide this motion and finds that defendants have sufficiently described the nature of the materials they seek to redact and seal. The subject materials generally concern defendants' confidential

commercial and business information. Specifically, the material contains non-public financial information related to defendants' products and sales. The Court agrees there exists a legitimate private interest in maintaining the subject material under seal. The Court finds, as defendants contend, if the subject material is made public, they could be harmed by unfair competition, placing them at a competitive disadvantage in the marketplace, and risk financial damage and injury to their business interests. Likewise, the Court finds there is no less restrictive alternative than to redact limited portions of the subject materials.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 12th day of September 2019, that defendants' "Motion to Seal" [Doc. No. 566] is GRANTED; and it is further

ORDERED the Clerk of the Court is directed to maintain under seal the transcript of proceedings held on February 4, 2019 before the Honorable Robert B. Kugler, U.S.D.J. [Doc. No. 561]; and it is further

ORDERED that to the extent not already done, defendants shall file a redacted copy of Doc. No. 561 in accordance with this Order by September 26, 2019.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge
