# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP., <br><br> *Plaintiffs,* <br><br> v. <br><br> XACTWARE SOLUTIONS, INC., and VERISK ANALYTICS, INC., <br><br> *Defendants.* | Civil Action No. 1:15-cv-07025 (RMB-SAK) <br><br><br> *Electronically Filed* |

### STIPULATION AND [PROPOSED] ORDER VACATING JUDGMENT AND PERMANENT INJUNCTION PREVIOUSLY ISSUED BY THE COURT IN THIS MATTER AND DISMISSING ALL CLAIMS AND COUNTERCLAIMS WITH PREJUDICE

This stipulation is made by and between Plaintiff Eagle View Technologies, Inc. ("EagleView" or "Plaintiff") and Defendants Xactware Solutions, Inc. and Verisk Analytics, Inc. (collectively, "Verisk" or "Defendants"):

WHEREAS, the parties have reached an agreement that will resolve all issues between them without further litigation.

WHEREAS, EagleView and Defendants hereby jointly seek, pursuant to Fed. R. Civ. P. 60(b)(5) and (6) and this Court's inherent authority, to vacate its Judgment (Dkt. 799) entered on September 26, 2019, Permanent Injunction (Dkt. 842) entered on October 18, 2019, and all Orders, decisions, and findings underlying such final judgment and injunction or merged therein, and to dismiss all claims and counterclaims in this case with prejudice, and to terminate the pending contempt proceedings.

WHEREAS, on October 24, 2019, Verisk filed a timely Notice of Appeal to the United States Court of Appeals for the Federal Circuit, where the action is currently pending as Case Nos. 21-1048 (lead case), 21-1049 (member case), and 21-1743 (member case). The Federal Circuit conducted oral argument on October 8, 2021 but has not yet issued a decision.

WHEREAS, pursuant to that agreement, the parties have agreed to simultaneously seek dismissal of Defendants' appeal to the Federal Circuit and an order from this Court vacating the Judgment, Permanent Injunction, damages, fees, and costs.

WHEREAS, this Court has discretion to vacate a judgment when the balance of equities favors vacatur. *See Am. Games, Inc. v. Trade Prod., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998) (citing *U.S. Bancorp v. Bonner Mall*, 513 U.S. 18, 29 (1994)). The equities here favor vacatur because such disposition will eliminate the need to reopen this case in the future, to continue litigating the contempt proceedings, and to continue with the pending appeal at the Federal Circuit. Accordingly, vacatur and dismissal is not only consistent with the parties' contemplated settlement, but will also serve the public interest of judicial efficiency by eliminating the need for any further appeal, litigation, motion practice, and imposition upon the time and resources of this Court and of the Court of Appeals.

Vacatur and dismissal is also consistent with both District of New Jersey and Federal Circuit practice. *See, e.g.*, *U.S. Philips Corp. v. Windmere Corp.*, 971 F.2d 728, 731 (Fed. Cir. 1992) ("[A]s in *Federal Data Corp.* and *Smith International*, the settlement between Philips and Windmere includes all the parties to the appeal. All of the claims of the judgments were appealed, and have now become entirely moot. . . . The parties to this appeal are entitled to rely on our precedent. Vacatur of the judgments on appeal is appropriate. . . . The parties' joint motion is GRANTED. The judgments of April 6, 1990 and May 4, 1990 are VACATED. We remand with

instructions that the case be DISMISSED WITH PREJUDICE. . . . Thereupon, Appeal No. 92–1020 is DISMISSED."); *Hospira, Inc. v. Sandoz Inc.*, No. CIV.A. 09-4591 MLC, 2014 WL 794589, at *5 (D.N.J. Feb. 27, 2014) ("THE MOTION TO VACATE has been made jointly by the parties to this action.  They have settled part of their dispute amicably before incurring further expense at the appellate level.  Settlements are—of course—highly favored. . . .  This Court sees no reason to obstruct the settlement achieved here.  This Court will exercise its discretion to vacate its own rulings and grant the Motion To Vacate.  *See* Fed. R. Civ. P. 60(b)(6), (c)(1).") (citing *Goldman v. Gen. Accident Ins. Co. of Am.*, No. 01–2686, 2007 WL 2781935, at *1 (D.N.J. May 24, 2007) (granting motion to vacate opinion and order following settlement); *Kim v. United States*, 903 F. Supp. 1546, 1546 (S.D.N.Y. 1995) (same)).

NOW THEREFORE Plaintiff and Defendants, by and through their respective undersigned counsel in this Action, and subject to the approval of the Court, stipulate and agree as follows:

1.    The Court's Judgment (Dkt. 799) entered on September 26, 2019 and all Orders, decisions, and findings underlying such judgment or merged therein, are hereby vacated.

2.    The Court's Permanent Injunction (Dkt. 842) entered on October 18, 2019 and all Orders, decisions, and findings underlying such order or merged therein, are hereby vacated.

3.    All claims, counterclaims and defenses in this matter, including the allegations and averments contained therein, are hereby dismissed, with prejudice.

4.    The contempt proceedings initiated by Plaintiff are terminated.

Date: November 5, 2021

By: *s/ Jeffrey Cohen*
Jeffrey A. Cohen
Krishna A. Jani
FLASTER GREENBERG
1810 Chapel Avenue West

By: *s/Liza M. Walsh*
Liza M. Walsh
Hector D. Ruiz
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center

3

Cherry Hill, NJ 08002
(856) 661-1900

*Of Counsel:*
Ashok Ramani
Micah G. Block
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, CA 94025
Telephone: (650) 752-2000

Dana M. Seshens
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Attorneys for Defendants*
*Xactware Solutions, Inc., and*
*Verisk Analytics, Inc.*

100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Of Counsel* (admitted *pro hac vice*):
Adam R. Alper
Brandon H. Brown
Reza Dokhanchy
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Michael W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
(213) 680-8400

Patricia Carson
Leslie M. Schmidt
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 10022
(212) 446-4800

Gianni Cutri
Kristina N. Hendricks
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Attorneys for Plaintiffs*
*Eagle View Technologies, Inc. and*
*Pictometry International Corp.*

**SO ORDERED** this _____ day of _____, 2021

_____
Hon. Renee M. Bumb, U.S.D.J.

4