Liza M. Walsh
Hector D. Ruiz
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiff*
*Eagle View Technologies, Inc.*
*[Additional counsel on signature page]*

Jeffrey A. Cohen
Krishna A. Jani
FLASTER GREENBERG
1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 661-1900

*Attorneys for Defendants Xactware Solutions,*
*Inc. and Verisk Analytics, Inc.*
*[Additional counsel on signature page]*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP., <br><br> *Plaintiffs,* <br><br> v. <br><br> XACTWARE SOLUTIONS, INC., and VERISK ANALYTICS, INC., <br><br> *Defendants.* | Civil Action No. 1:15-cv-07025 (RMB-MJS) <br><br> **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION TO SEAL** <br><br> *Electronically Filed* |

Pursuant to Local Civil Rule 5.3(c), Plaintiff Eagle View Technologies, Inc. ("Plaintiff")

and Defendants Xactware Solutions, Inc. and Verisk Analytics, Inc. (collectively, "Defendants"),

hereby submit these Proposed Findings of Fact and Conclusions of Law in support of their joint

Motion to Seal the following documents or portions thereof:

1) Plaintiff's Brief in Support of Its Motion and Documentation Supporting Attorneys' Fees, Costs, and Interest; Exhibits 4-5 to the Declaration of Dr. Jonathan Arnold; and Declaration of Patricia A. Carson with Exhibits A-H annexed thereto (D.E. 919);

2) Defendants' Brief in Opposition to Plaintiff's Motion and Documentation Supporting Attorneys' Fees, Costs, and Interest; Exhibit A to the Declaration of

Scott S. Christie; and Declaration of Philip Green with Exhibits B, D-E, H-H3 annexed thereto (D.E. 930);

3) Plaintiff's Reply Brief in Support of Its Motion and Documentation Supporting Attorneys' Fees, Costs, and Interest; Exhibits 4A-5A to the Reply Declaration of Dr. Jonathan Arnold; and Exhibit O to the Declaration of Patricia A. Carson (D.E. 935);

4) Plaintiff's Brief in Support of Motion to Initiate Contempt Proceedings and for a TRO; and Exhibits 13-14, 28 and 30 to the Declaration of Liza M. Walsh (D.E. 941);

5) Defendants' Opposition to Plaintiff's Motion to Initiate Contempt Proceedings and for a TRO; and the Declaration of Jeffrey Lewis (D.E. 948);

6) Plaintiff's Reply Brief in Support of Motion to Initiate Contempt Proceedings and for a TRO; and Exhibits 39-40, and 42 to the Declaration of Liza M. Walsh (D.E. 956); and

7) Transcript of September 15, 2021 hearing before the Hon. Rene M. Bumb, U.S.D.J. (D.E. 972).

Specifically, the parties seek to seal the confidential information or materials in the above documents identified in the accompanying Index, which are collectively referred to herein as the "Confidential Information." Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of:

    (1)    the nature of the materials or proceedings at issue;
    (2)    the legitimate private or public interest which warrants the relief sought;
    (3)    the clearly defined and serious injury that would result if the relief sought is not granted; and
    (4)    why a less restrictive alternative to the relief sought is not available.

Set forth below are the findings of fact and conclusions of law addressing each of the elements of Local Civil Rule 5.3(c). These findings of fact and conclusions of law support the granting of the parties' joint Motion to Seal the Confidential Information identified above:

2

## I.      The Nature of the Materials or Proceedings at Issue

### A.      Findings of Fact

1)      Due to the proprietary and confidential nature of many of the documents and much of the information subject to discovery in this matter, the parties requested the entry of a Discovery Confidentiality Order (the "DCO").  The Court found that good cause existed for the entry of a DCO and entered one on January 22, 2016.  (D.E. 48).  The DCO describes the types of confidential information that may be shielded from disclosure and thus, enables producing parties (including third parties) to designate such information and documents exchanged during discovery as "Confidential" or "Highly Confidential."  (*Id*.).

2)      The Confidential Information that Plaintiff seeks to seal contain or refer to nonpublic and proprietary competitively sensitive technical information and highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose Plaintiff's information pertaining to the following topics:  Plaintiff's confidential financial information; confidential information regarding Plaintiff's negotiations and agreements with its attorneys, vendors and consultants; confidential information regarding Plaintiff's negotiations and agreements with Defendants; confidential competitive information of Kirkland & Ellis LLP, Walsh Pizzi O'Reilly LLP, Plaintiff and third parties; confidential information regarding Plaintiff's negotiations and agreements with other parties; and Plaintiff's confidential customer and contract negotiation strategies and pricing strategies.  The Confidential Materials Plaintiff seeks to seal contain and/or reflect information that Plaintiff has designated as

"Confidential" and/or "Highly Confidential-Attorney's Eyes Only" under the Discovery Confidentiality Order entered by this Court on January 22, 2016 (D.E. 48). (*See* Carson Decl.[1]).

3)    Moreover, the Confidential Information Defendants seek to seal contain or refer to Defendants' confidential commercial, development, and business information, including references to proprietary functionality within Defendants' software. The Confidential Information further contains non-public and competitively sensitive business and commercial information of Defendants that Defendants maintain in confidence. Particularly, the Confidential Information discloses Defendants' information regarding Defendants' business strategies and technical operations relating to aerial image acquisition and sourcing and confidential discussions with Defendants' customers. The Confidential Information Defendants seek to seal contain and/or reflect information that has been designated as "Confidential" and/or "Highly Confidential-Attorney's Eyes Only" under the Discovery Confidentiality Order entered by this Court on January 22, 2016 (D.E. 48). (*See* Jeffrey D. Lewis Decl.[2]).

4)    The information the parties seek to seal have been designated as "Confidential" or "Highly Confidential" under the DCO entered by the Court.

**B.    Conclusions of Law**

5)    This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith*

---

[1] "Carson Decl." refers to the Declaration of Patricia A. Carson submitted on behalf of Plaintiff in Support of the Joint Motion to Seal, submitted herewith. "
[2] "Lewis Decl." refers to the Declaration of Jeffrey D. Lewis submitted on behalf of Defendants in Support of the Joint Motion to Seal, submitted herewith. "

*Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). This Court has permitted the sealing of confidential business information in other cases. *See, e.g., Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("[C]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing."); *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 U.S. Dist. LEXIS 479, at *8-12 (D.N.J. Jan. 3, 2012) (permitting the sealing of business agreements containing commercially sensitive and proprietary non-public business information and confidential financial information); *Hershey Co. v. Promotion in Motion, Inc.*, No. 07-1601, 2010 U.S. Dist. LEXIS 43322, at *6-10 (D.N.J. May 4, 2012) (protecting from disclosure proprietary and commercially sensitive financial and sales information); *Atl. City Associates, LLC v. Carter & Burgess Consultants, Inc.*, No. 05-3227, 2010 U.S. Dist. LEXIS 32135 (D.N.J. Mar. 31, 2010); *Morgan v. Wal-Mart Stores, Inc.*, Case No. 14-4388, 2015 WL 3882748 (D.N.J. June 23, 2015) (granting motion to seal Plaintiffs' Application for Attorney's Fees); *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, No. 08-1331, 2009 U.S. Dist. LEXIS 65031, at *3-4 (D.N.J. July 28, 2009) (granting motion to seal information that constitutes "trade secrets, non-public business and marketing plans, customer lists, [and] research and development."); *Osteotech, Inc. v. Regenerations Tech., Inc.*, No. 06-4249, 2009 U.S. Dist. LEXIS 3943, at *2-4 (D.N.J. Jan. 21, 2009) (protecting from disclosure technical business information regarding proprietary technology); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, No. 03-6025, 2007 U.S. Dist. LEXIS 51828, at *18-24 (D.N.J. July 18, 2007) (protecting from disclosure specific confidential sales, costs and profit information); *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 667-68 (D.N.J. 2004) (protecting from disclosure a party's confidential processes, chemical formulas and specifications, and research information).

## II.    The Legitimate Private or Public Interest Which Warrants the Relief Sought

### A.    Findings of Fact

6)    The Confidential Information relates to information that the parties consider proprietary and confidential.  (*See* Carson Decl. and Lewis Decl.).

7)    The parties have submitted declarations stating that Plaintiff and Defendants have an interest in not publicly disclosing this information and rely on such information to advance their business strategies and to maintain a competitive advantage.  (*Id.*).

8)    Competitively sensitive and proprietary business and financial information of the parties, from which competitors could identify their commercial interests, embodies content which, if disclosed, would likely harm the parties' competitive standings in the marketplace.  (*Id.*).

9)    Plaintiff and Defendants have a continuing interest to ensure that their confidential and proprietary non-public information remains undisclosed.  If this information were to become publicly available, Plaintiff and Defendants' competitors (actual and potential), who are not parties to this litigation, could and would likely use that information in the highly competitive marketplace.  Therefore, the release of the above referenced Confidential Information poses a substantial risk of harm to Plaintiff and Defendants' legitimate business interests and competitive positions. (*Id.*).

### B.    Conclusions of Law

10)    Courts have recognized that the presumption of public access is not absolute and may be rebutted.  *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991).  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

6

11)    Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing.  *See Littlejohn*, 851 F.2d at 678 (citations omitted).

12)    Courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents.  "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'"  *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d at 664 (citation omitted).  As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure."  *Id.* (citations omitted).

## III.    The Clearly Defined and Serious Injury that Would Result if the Relief Sought Is Not  Granted

### A.    Findings of Fact

13)    In light of its reference to, and disclosure of, non-public information that is otherwise unavailable to third parties, the public disclosure of the highly sensitive information in the Confidential Information poses a substantial risk of harm to the parties' legitimate proprietary interests and competitive position.  (*See* Carson Decl. and Lewis Decl.).

14)    Disclosure of such specific "Highly Confidential" or "Confidential" information, such as information regarding aerial image acquisition and sourcing, confidential discussions with Defendants' customers, detailed billing and time entries of counsel, specific, negotiated fee structure, and other types of information identified in the Index, would permit competitors to unfairly develop similar products, and undercut or otherwise counter Plaintiff and Defendants' commercial performance.  (*Id.*).

15) Competitors would improperly benefit from the disclosure of Plaintiff and Defendants' non-public business and financial information and would likely use the Confidential Information to unfairly enhance their market positions. (*Id.*).

### B. Conclusions of Law

16) This Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

17) Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. *See Publicker*, 733 F.2d at 1071; *see also Vista India, Inc. v. Raaga, LLC*, No. 07-1262, 2008 WL 834399, at *3-4 (D.N.J. Mar. 27, 2008).

## IV. Why a Less Restrictive Alternative to the Relief Sought Is Not Available

### A. Findings of Fact

18) Once confidential information is disclosed to the public, it can never again be sealed or maintained as private. Moreover, the parties' request to seal the Confidential Information is narrowly tailored to the specific confidential and proprietary information identified in the Index filed with this Motion.

19) The disclosure of the Confidential Information would pose a financial and competitive risk to Plaintiff and Defendants. (*See* Carson Decl. and Lewis Decl.). Accordingly, the only way to protect this interest is to seal the Confidential Information. The parties have carefully redacted only the specific pages, lines, and words containing their proprietary and confidential information.

## B.      Conclusions of Law

20)      Under Local Civil Rule 5.3(c)(3), a party seeking to seal documents must meet the

fourth prong that a no less restrictive alternative to the relief sought is available.  *See Securimetrics,*

*Inc. v. Iridian Techs., Inc.*, No. 03-cv-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).

21)      The sealing of confidential documents and information is an accepted practice in

the District of New Jersey.  *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d at 653.

Respectfully submitted,

By: *s/Liza M. Walsh*
Liza M. Walsh
Hector D. Ruiz
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Of Counsel*:
Adam R. Alper
Brandon H. Brown
Reza Dokhanchy
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Michael W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
(213) 680-8400

Patricia Carson
Leslie M. Schmidt
KIRKLAND & ELLIS LLP
601 Lexington Ave

Dated:  January 14, 2022

By: *s/Jeffrey A. Cohen*
Jeffrey A. Cohen
Krishna A. Jani
FLASTER GREENBERG
1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 661-1900

*Of Counsel:*
Ashok Ramani
Micah G. Block
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, CA 94025
(650) 752-2000

Dana M. Seshens
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

*Attorneys for Defendants Xactware Solutions,*
*Inc. and Verisk Analytics, Inc.*

New York, NY 10022
(212) 446-4800

Gianni Cutri
Kristina N. Hendricks
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Attorneys for Plaintiff Eagle View
Technologies, Inc.*