**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EAGLE VIEW TECHNOLOGIES, INC., and PICTOMETRY INTERNATIONAL CORP., <br><br> *Plaintiffs,* <br><br> v. <br><br> XACTWARE SOLUTIONS, INC., and VERISK ANALYTICS, INC., <br><br> *Defendants.* | Civil Action No. 1:15-cv-07025 (RMB-SAK) <br><br> **DECLARATION OF PATRICIA A. CARSON IN SUPPORT OF JOINT OMNIBUS MOTION TO SEAL** <br><br> *Electronically Filed* |

I, Patricia A. Carson, hereby state and declare as follows:

1.      I am an attorney licensed to practice before the courts of the State of New York and the State of New Jersey. I am a partner of the law firm of Kirkland & Ellis LLP ("Kirkland"), counsel for Plaintiff Eagle View Technologies, Inc. ("Plaintiff") in connection with the above-captioned matter. I am fully familiar with the facts set forth herein as well as the categories and types of information that Plaintiff keeps confidential. I am also familiar with the harm that Plaintiff would sustain if its confidential information were to become public.

2.      I submit this Declaration in support of Plaintiff's Motion to Seal the following documents or portions thereof which contain Plaintiff's confidential information:

   a. Plaintiff's Brief in Support of Its Motion and Documentation Supporting Attorneys' Fees, Costs, and Interest; Exhibits 4-5 to the Declaration of Dr. Jonathan Arnold; and Declaration of Patricia A. Carson with Exhibits A-H annexed thereto (D.E. 919);

   b. Defendants' Brief in Opposition to Plaintiff's Motion and Documentation Supporting Attorneys' Fees, Costs, and Interest; Exhibit A to the Declaration of Scott S. Christie; and Declaration of Philip Green with Exhibits B, D-E, H-H3 annexed thereto (D.E. 930);

   c.  Plaintiff's Reply Brief in Support of Its Motion and Documentation Supporting

1

Attorneys' Fees, Costs, and Interest; Exhibits 4A-5A to the Reply Declaration of Dr. Jonathan Arnold; and Exhibit O to the Declaration of Patricia A. Carson (D.E. 935); and

d. Plaintiff's Brief in Support of Motion to Initiate Contempt Proceedings and for a TRO; and Exhibit 30 to the Declaration of Liza M. Walsh (D.E. 941).

3. In support of the motion, an Index has been prepared identifying the portions of the above documents which Plaintiff seeks to maintain under seal (the select portions collectively referred to herein as "Confidential Materials"). The Index also explains: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. The Index is being submitted concurrently herewith as Exhibit 1.

4. This is a commercial patent dispute between private parties involving confidential information that Plaintiff has a legitimate interest in protecting because its competitors in the marketplace could utilize the non-public information to gain an unfair advantage over Plaintiff's detriment.

5. Plaintiff invested significant resources into the development of its products with the expectation that documents containing such competitively sensitive business and commercial information would be confidential and remain unavailable to its competitors.

6. The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic and proprietary competitively sensitive technical information and highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary. Particularly, the Confidential Materials

disclose Plaintiff's information pertaining to the following topics:  Plaintiff's confidential financial information; confidential information regarding Plaintiff's negotiations and agreements with its attorneys, vendors and consultants; confidential information regarding Plaintiff's negotiations and agreements with Defendants; confidential competitive information of Kirkland & Ellis LLP, Walsh Pizzi O'Reilly LLP, Plaintiff and third parties; confidential information regarding Plaintiff's negotiations and agreements with other parties; and Plaintiff's confidential customer and contract negotiation strategies and pricing strategies.

7.      The Confidential Materials Plaintiff seeks to seal contain and/or reflect information that Plaintiff has designated as "Confidential" and/or "Highly Confidential-Attorney's Eyes Only" under the Discovery Confidentiality Order entered by this Court on January 22, 2016 (D.E. 48).

8.      There is a substantial public interest in ensuring that non-public information relating to Plaintiff's trade secrets and proprietary information remains confidential and will not become public at a later date. Negotiated billing rates of attorneys and sensitive, case-specific pricing information regarding this action as well as detailed descriptions of legal work performed by Plaintiff's attorneys should not be publicly disclosed insofar as any such disclosure would create a competitive disadvantage related to the work on behalf of Plaintiff.

9.      The nonpublic proprietary technical and financial information would be useful to Plaintiff's competitors interested in its products and business practices in the highly competitive marketplace.

10.     If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment.  Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial

performance.    Moreover, disclosure of information related to Plaintiff's negotiations and agreements with other parties would permit competitors to glean information about Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions.    The release of the invoices and attorney fee information poses a substantial risk of harm to Plaintiff's legitimate business interests and competitive position. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.

11.    There is no less restrictive alternative other than sealing the Confidential Materials identified in the Index.  Plaintiff's request is tailored to seal only the portions of the documents identified in paragraph 2 that contain Plaintiff's "Confidential" or "Highly Confidential' information.  This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the above listed documents have been publicly filed on the docket, where appropriate.

I certify under penalty of perjury that the foregoing is true and correct.


Dated: January 13, 2022

_____
Patricia A. Carson

4

# EXHIBIT 1

**INDEX IN SUPPORT OF JOINT OMNIBUS MOTION TO SEAL**

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| **Plaintiff's Brief in Support of Its Motion and Documentation Supporting Attorneys' Fees, Costs, and Interest (D.E. 919)** | | | | | | |
| Page 7 | First full paragraph, from the beginning of line 2 until "and". <br><br> First full paragraph, line 2, after "from" until "are" on line 3. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose Plaintiff's confidential information regarding Plaintiff's negotiations and agreements with its attorneys and confidential competitive information of Plaintiff, Kirkland & Ellis LLP, and Walsh Pizzi O'Reilly Falanga LLP. <br><br> (*See* Carson Decl. ¶ 6) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of information related to Plaintiff's negotiations and agreements with its attorneys would permit competitors to glean information about Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions. | There is no less restrictive alternative other than sealing the Confidential Documents. <br><br> Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate. <br><br> (*See* Carson Decl. ¶ 11) | None. | None. |

1

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | | | |
| Page 8 | First full paragraph, line 2, after "were" until "per".<br><br>First full paragraph, line 2, after "partners," until "per" on line 3.<br><br>First full paragraph, line 3, after "associates," until "per".<br><br>First full paragraph, line 4, after "and" until "per". | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 9 | Second full paragraph, line 2, after "were" until "per". | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Second full paragraph, line 2, after "and" until "per". | | | | | |
| **Exhibit 4 to the Declaration of Dr. Jonathan Arnold (D.E. 919-1)** | | | | | |
| "Attorneys' Fees" column in its entirety, except for the total amount on the bottom.<br><br>"Non-taxable Expenses" column in its entirety, except for the total amount on the bottom.<br><br>"Total" column in its entirety, except for the total amount on the bottom. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary. Particularly, the Confidential Materials disclose Plaintiff's confidential financial information and confidential competitive information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶ 6) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | | | |
| **Exhibit 5 to the Declaration of Dr. Jonathan Arnold (D.E. 919-1)** | | | | | |
| "Attorneys' Fees" columns in their entirety, except for the total amount on the bottom.<br><br>"Non-taxable Expenses" columns in their entirety, except for the total amount on the bottom.<br><br>"Total" columns in their entirety, except for the total amount on the bottom. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary. Particularly, the Confidential Materials disclose Plaintiff's confidential financial information and confidential competitive information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶ 6) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate. | None. | None. |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace. (*See* Carson Decl. ¶ 10) | (*See* Carson Decl. ¶ 11) | | |
| **Declaration of Patricia A. Carson (D.E. 919-2)** | | | | | | |
| Pages 1-2 | Paragraph numbered 4, from the beginning of line 1 until "Eagle" on line 5, page 2. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose confidential information regarding Plaintiff's negotiations and agreements with its attorneys and consultants, and confidential competitive information of Plaintiff, Kirkland & Ellis LLP, and Walsh Pizzi O'Reilly Falanga LLP. | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of information related to Plaintiff's negotiations and agreements with its attorneys and consultants would permit | There is no less restrictive alternative other than sealing the Confidential Documents. Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on | None. | None. |

5

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | (*See* Carson Decl. ¶ 6) | competitors to glean information about Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |
| Page 2 | Paragraph numbered 5, line 3, after "worked," until "and". | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 4 | Paragraph numbered 9, line 13, after "rate of" until the end of the line. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 5 | Paragraph numbered 10, from the beginning of line 11 until "Dr. Arnold's". | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |

6

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | Paragraph numbered 10, from the beginning of line 12 until "Dr. Arnold's". Paragraph numbered 10, from the beginning of line 13 until "Dr. Arnold's". Paragraph numbered 10, from the beginning of line 14 until "Dr. Arnold's". Paragraph numbered 10, from the beginning of line 15 until "Dr. Arnold's". Paragraph numbered 10, from the beginning of line 16 until "Dr. Arnold's". Paragraph numbered 10, from the beginning of line 17 until "Dr. Arnold's". Paragraph numbered 10, from the beginning of line 18 until "Dr. Arnold's". Paragraph numbered 10, from the beginning of line 19 until "Dr. Arnold's". | | | | | |
| Page 6 | Paragraph numbered 10, from the beginning of line 1 until "The rates of". | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |

7

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Pages 8-11 | Paragraph numbered 16, "Billing Rate" column in its entirety.<br><br>Paragraph numbered 16, "Hours" column in its entirety. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 11 | Paragraph numbered 17, from the beginning of line 2 until "per hour".<br><br>Paragraph numbered 17, line 3, after "were" until "per hour".<br><br>Paragraph numbered 17, line 4, after "were" until "per hour".<br><br>Paragraph numbered 17, line 5, after "were" until "per hour". | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Pages 12-13 | Paragraph numbered 20, "Billing Rate" column in its entirety.<br><br>Paragraph numbered 21, line 1, after "were" until "per hour" on line 2.<br><br>Paragraph numbered 21, line 2, after "were" until "per hour" on line 1, page 13. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| **Exhibit A to the Declaration of Patricia A. Carson (D.E. 919-3)** | | | | | | |

8

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | | | | |
| In its entirety. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary. Particularly, the Confidential Materials Plaintiff's confidential financial information and confidential competitive information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶ 6) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of Plaintiff's financial information poses a substantial risk of harm to Plaintiff's legitimate business interests and competitive position. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | None. | None. |

9

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | | | |
| **Exhibit B1 to the Declaration of Patricia A. Carson (D.E. 919-3)** | | | | | |
| In its entirety. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose confidential information regarding Plaintiff's negotiations and agreements with its attorneys and confidential competitive information of Plaintiff and Kirkland & Ellis LLP. | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of information related to Plaintiff's negotiations and agreements with its attorneys would permit competitors to | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on | None. | None. |

10

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | (*See* Carson Decl. ¶ 6) | glean information about Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |
| **Exhibit B2 to the Declaration of Patricia A. Carson (D.E. 919-3)** | | | | | |
| In its entirety. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain | None. | None. |

11

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | and proprietary. Particularly, the Confidential Materials disclose Plaintiff's confidential information regarding Plaintiff's negotiations and agreements with its attorneys, vendors and consultants and confidential competitive information of Plaintiff, Kirkland & Ellis LLP, and Walsh Pizzi O'Reilly Falanga LLP.<br><br>(*See* Carson Decl. ¶ 6) | and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of information related to Plaintiff's negotiations and agreements with its attorneys, vendors and consultants would permit competitors to glean information about Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace. | Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |

12

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | (*See* Carson Decl. ¶ 10) | | | |
| **Exhibit C to the Declaration of Patricia A. Carson (D.E. 919-3)** | | | | | |
| In its entirety. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose confidential information regarding Plaintiff's negotiations and agreements with its attorneys and confidential competitive information of Plaintiff and Walsh Pizzi O'Reilly Falanga LLP.

(*See* Carson Decl. ¶ 6) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of information related to Plaintiff's negotiations and agreements with its attorneys would permit competitors to glean information about Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions. | There is no less restrictive alternative other than sealing the Confidential Documents.

Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.

(*See* Carson Decl. ¶ 11) | None. | None. |

13

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace. *(See* Carson Decl. ¶ 10) | | | |
| **Exhibit D to the Declaration of Patricia A. Carson (D.E. 919-3)** | | | | | |
| In its entirety. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose confidential information regarding Plaintiff's negotiations | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or | There is no less restrictive alternative other than sealing the Confidential Documents. Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to | None. | None. |

14

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | and agreements with its consultants and confidential competitive information of RLS Consulting.<br><br>(*See* Carson Decl. ¶ 6) | otherwise counter Plaintiff's commercial performance. Moreover, disclosure of information related to Plaintiff's negotiations and agreements with other parties would permit competitors to glean information about Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |
| **Exhibit E to the Declaration of Patricia A. Carson (D.E. 919-3)** | | | | | |

15

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| In its entirety. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose confidential information regarding Plaintiff's negotiations and agreements with its consultants and confidential competitive information of Compass Lexecon.<br><br>(*See* Carson Decl. ¶ 6) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of information related to Plaintiff's negotiations and agreements with other parties would permit competitors to glean information about Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | None. | None. |

16

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | | | |
| **Exhibit F to the Declaration of Patricia A. Carson (D.E. 919-3)** | | | | | |
| In its entirety. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary. Particularly, the Confidential Materials disclose confidential information regarding Plaintiff's negotiations and agreements with its vendors and confidential competitive information of Innovative Discovery. | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of information related to Plaintiff's negotiations and | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents | None. | None. |

17

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | (*See* Carson Decl. ¶ 6) | agreements with other parties would permit competitors to glean information about Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |
| **Exhibit G to the Declaration of Patricia A. Carson (D.E. 919-3)** | | | | | |
| In its entirety. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored | None. | None. |

18

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose confidential information regarding Plaintiff's negotiations and agreements with its vendors and confidential competitive information of Fulcrum.<br><br>(*See* Carson Decl. ¶ 6) | information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of information related to Plaintiff's negotiations and agreements with other parties would permit competitors to glean information about Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive | to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | advantage in the highly competitive marketplace. (*See* Carson Decl. ¶ 10) | | | |
| **Exhibit H to the Declaration of Patricia A. Carson (D.E. 919-3)** | | | | | |
| In its entirety. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose confidential information regarding Plaintiff's negotiations and agreements with its consultants and confidential competitive information of Douglas Green Associates. (*See* Carson Decl. ¶ 6) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of information related to Plaintiff's negotiations and agreements with other parties would permit competitors to glean information about Plaintiff's business strategies | There is no less restrictive alternative other than sealing the Confidential Documents. Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | and would undercut Plaintiff's future negotiation positions. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace. (*See* Carson Decl. ¶ 10) | (*See* Carson Decl. ¶ 11) | | |
| **Defendants' Brief in Opposition to Plaintiff's Motion and Documentation Supporting Attorneys' Fees, Costs, and Interest (D.E. 930)** | | | | | |
| Page 15 | First paragraph, line 2, after "2019." until "time". First paragraph, line 5, after "approximately" until "in fees". First paragraph, line 6, after "appeal," until "which" on line 7. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary. Particularly, the Confidential Materials | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop | There is no less restrictive alternative other than sealing the Confidential Documents. Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. | None. | None. |

21

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Footnote 9, from the beginning of line 3 until "But" on line 4. | disclose confidential information regarding Plaintiff's negotiations and agreements with its attorneys and confidential competitive information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶ 6) | business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of information related to Plaintiff's negotiations and agreements with its attorneys would permit competitors to glean information about Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |

22

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Page 18 | Footnote 11, line 3, after "exceed" until the end of the line. | *See* above. | *See* above. | *See* above. | | |
| **Exhibit A to the Declaration of Scott S. Christie (D.E. 930-2 & D.E. 930-3)** | | | | | | |
| | In its entirety. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose confidential information regarding Plaintiff's negotiations and agreements with its attorneys, vendors and consultants and confidential competitive information of Plaintiff, Kirkland & Ellis LLP, and Walsh Pizzi O'Reilly Falanga LLP.<br><br>(*See* Carson Decl. ¶ 6) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of information related to Plaintiff's negotiations and agreements with its attorneys, vendors and consultants would permit competitors to glean information about Plaintiff's business strategies and would undercut Plaintiff's future | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | negotiation positions. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | | | |
| **Declaration of Philip Green (D.E. 930-4)** | | | | | |
| Page 7 | Table "Excludable Attorneys' Fees and Non-Taxable Expenses" columns "Expenses" and "Attys' Fees" in their entirety. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary. Particularly, the Confidential Materials disclose Plaintiff's confidential | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive | None. | None. |

24

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | financial information and confidential competitive information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶ 6). | duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, the release of the financial information poses a substantial risk of harm to Plaintiff's legitimate business interests and competitive position. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |
| Page 9 | Footnote 7, line 1, after "Exhibit H-2," until "Such" on line 2.<br><br>Footnote 7, line 2, after "approximately" until "The". | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |

25

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Footnote 7, line 3, after "the" until "amount".  Footnote 7, line 3, after "approximately" until "(see Arnold". | | | | | |
| **Exhibit B to the Declaration of Philip Green (D.E. 930-6 & D.E. 930-7)** | | | | | |
| In its entirety. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose confidential information regarding Plaintiff's negotiations and agreements with its attorneys, vendors and consultants and confidential competitive information of Plaintiff and Kirkland & Ellis LLP. | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of information related to Plaintiff's negotiations and agreements with its attorneys, vendors and consultants would | There is no less restrictive alternative other than sealing the Confidential Documents.  Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | (*See* Carson Decl. ¶ 6) | permit competitors to glean information about Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |
| **Exhibits D and D1-D5 to the Declaration of Philip Green (D.E. 930-8)** | | | | | |
| Table "Adjusted Attorneys' Fees and Non-Taxable Expenses" columns "Attorneys' Fees", "Non-Taxable Expenses", "Total Adj. Fees", and "Total Adj. Interest" in their entirety, except for Total amount on last line. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of | None. | None. |

27

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose Plaintiff's confidential financial information and confidential competitive information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶ 6) | Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, the release of the financial information poses a substantial risk of harm to Plaintiff's legitimate business interests and competitive position. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |
| **Exhibit D6 to the Declaration of Philip Green (D.E. 930-8)** | | | | | |

28

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Table "Adjusted Attorneys' Fees and Non-Taxable Expenses" columns "Attorneys' Fees", "Non-Taxable Expenses", "Total Adj. Fees.", and "Total Claimed Fees" in their entirety, except for Total amount on last line. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose Plaintiff's confidential financial information and confidential competitive information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶ 6) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, the release of the financial information poses a substantial risk of harm to Plaintiff's legitimate business interests and competitive position. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | None. | None. |

29

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | | | |
| **Exhibit E to the Declaration of Philip Green (D.E. 930-8)** | | | | | |
| Table "Claimed Attorneys' Fees and Non-Taxable Expenses" columns "Attorneys' Fees", "Non-Taxable Expenses", and "Total Claimed Fees" in their entirety, except for Total amount on last line. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose Plaintiff's confidential financial information and confidential competitive information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶ 6) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, the release of the financial information poses a substantial risk of harm to Plaintiff's legitimate business interests and competitive position. Competitors would improperly and unfairly | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate. | None. | None. |

30

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | (*See* Carson Decl. ¶ 11) | | |
| **Exhibit H to the Declaration of Philip Green (D.E. 930-8)** | | | | | |
| Table "Excluded Attorneys' Fees and Non-Taxable Expenses" columns "Expenses" and "Fees" in their entirety, except for Total amount on last line. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary. Particularly, the Confidential Materials disclose Plaintiff's confidential financial information and confidential competitive | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential | None. | None. |

31

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶ 6) | Moreover, the release of the financial information poses a substantial risk of harm to Plaintiff's legitimate business interests and competitive position. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |
| **Exhibit H1 to the Declaration of Philip Green (D.E. 930-8)** | | | | | |
| Table "Non-Taxable Expenses to Exclude - Category 1 - Improper Expert Fees and Costs", column "Amount" in its entirety, except for Total amount on last line. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | generally treated as confidential and proprietary. Particularly, the Confidential Materials disclose Plaintiff's confidential financial information and confidential competitive information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶ 6) | Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, the release of the financial information poses a substantial risk of harm to Plaintiff's legitimate business interests and competitive position. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |
| **Exhibit H2 to the Declaration of Philip Green (D.E. 930-8)** | | | | | |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Table "Attorneys' Fees and Non-Taxable Expenses to Exclude - Category 2 - Fees Not Approved by Court" all columns in their entirety except for "Total Fees", "Costs", "Total Fees and Costs" and "Total" rows. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary. Particularly, the Confidential Materials disclose Plaintiff's confidential financial information and confidential competitive information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶ 6) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, the release of the financial information poses a substantial risk of harm to Plaintiff's legitimate business interests and competitive position. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | None. | None. |

34

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | advantage in the highly competitive marketplace. (*See* Carson Decl. ¶ 10) | | | |
| **Exhibit H3 to the Declaration of Philip Green (D.E. 930-8)** | | | | | |
| Table "Attorneys' Fees to Exclude - Category 3 - Unjustified and/or Undocumented Fees" all columns in their entirety, except for the "Total" row. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary. Particularly, the Confidential Materials disclose Plaintiff's confidential financial information and confidential competitive information of Plaintiff and Kirkland & Ellis LLP. (*See* Carson Decl. ¶6) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, the release of the financial information poses a substantial risk of harm to Plaintiff's legitimate business interests and competitive position. Competitors would improperly and unfairly | There is no less restrictive alternative other than sealing the Confidential Documents. Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate. | None. | None. |

35

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | (*See* Carson Decl. ¶ 11) | | |
| **Plaintiff's Reply Brief in Support of Its Motion and Documentation Supporting Attorneys' Fees, Costs, and Interest (D.E. 935)** | | | | | |
| Page 1 | Footnote 1, line 2, after "costs" until "(Carlson Reply" on line 5, except for citation to the record. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary. Particularly, the Confidential Materials disclose confidential information regarding Plaintiff's negotiations and agreements with its attorneys, and confidential | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential | None. | None. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | competitive information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶6.) | Moreover, disclosure of information related to Plaintiff's negotiations and agreements with its attorneys would permit competitors to glean information about Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |
| Page 10 | First paragraph, line 3, after "costs" until the end of line 4. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 15 | Footnote 7, line 3, after "interest" until the end of the line. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | | | | |
| **Exhibit 4A to the Reply Declaration of Dr. Jonathan Arnold (D.E. 935-1)** | | | | | |
| "Attorneys' Fees" column in its entirety, except for the total amount on the bottom.<br><br>"Non-taxable Expenses" column in its entirety, except for the total amount on the bottom. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose Plaintiff's confidential financial information and confidential competitive information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶ 6.) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of financial information poses a substantial risk of harm to Plaintiff's legitimate business interests and competitive position. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | None. | None. |

38

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | | | |
| **Exhibit 5A to the Reply Declaration of Dr. Jonathan Arnold (D.E. 935-1)** | | | | | |
| "Attorneys' Fees" columns in their entirety, except for the total amount on the bottom.<br><br>"Non-taxable Expenses" columns in their entirety, except for the total amount on the bottom.<br><br>"Total" columns in their entirety, except for the total amount on the bottom. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose Plaintiff's confidential financial information and confidential competitive information of Plaintiff and Kirkland & Ellis LLP.<br><br>(*See* Carson Decl. ¶ 6.) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. Moreover, disclosure of financial information poses a substantial risk of harm to Plaintiff's legitimate business | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | interests and competitive position. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |
| **Exhibit O to the Declaration of Patricia A. Carson (D.E. 935-2)** | | | | | |
| Page 1 | Email from Kristina Hendricks to Matthew Sklar, *et al.*, dated June 8, 2021, at 10:05 AM, line 4, after "while" until the end of the line. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose confidential information | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's negotiations and agreements with Defendants would permit competitors to glean information about | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive | None. | None. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | regarding Plaintiff's negotiations and agreements with Defendants.<br><br>(*See* Carson Decl. ¶ 6.) | Plaintiff's business strategies and would undercut Plaintiff's future negotiation positions. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |
| Page 2 | Email from Patricia A. Carson to Matthew Sklar, *et al.*, dated June 1, 2021, at 4:29 PM, line 3, after "call," until the end of line 9. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 3 | Email from Matthew Sklar to Patricia A. Carson, *et al.*, dated June 1, 2021, at 12:34 PM, lines 6-7 in their entirety. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Page 4 | Email from Patricia A. Carson to Scott Christie, *et al.*, dated May 28, 2021, at 3:11 PM, line 1, after "aware," until "Are you" on line 3. | *See* above. | *See* above. | *See* above. | | |
| **Plaintiff's Brief in Support of Motion to Initiate Contempt Proceedings and for a TRO (D.E. 941)** | | | | | | |
| Page 10 | Last sentence of first paragraph, after "explained," and before "Ex. 13." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Confidential<br><br>Designated by: Plaintiffs<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | None that Defendants are aware as of the filing of this motion to seal. | None. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Page 10 n.4 | Parenthetical sentence in footnote 4, after "stating that" and before ")." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.  DCO Designation: Confidential  Designated by:  Plaintiffs  The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing.  (*See* Lewis Decl. ¶ 4.) | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources.  (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information.  (*See* Lewis Decl. ¶ 5.)  Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | None that Defendants are aware as of the filing of this motion to seal. | None. |
| Page 32 n.8 | Second (parenthetical) sentence in footnote 8, after "an email" and before "); 2527:24-2528:2." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential. | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative | None that Defendants are aware as of the filing of this motion to seal. | None. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | DCO Designation: Confidential  Designated by: Plaintiffs  The information contains nonpublic and proprietary competitively sensitive technical and business information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing, as well as discussions with Defendants' customers. (*See* Lewis Decl. ¶ 4.) | confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources, as well as Defendants' discussions with customers. (*See* Lewis Decl. ¶ 5.) | available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.)  Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | | |
| Page 38 | First full paragraph, line 10, after "approximately" until "in 2020" on line 11. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary. Particularly, the Confidential Materials | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop | There is no less restrictive alternative other than sealing the Confidential Documents.  Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. | None. | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | disclose Plaintiff's annual revenues and Plaintiff's confidential financial information.<br><br>(*See* Carson Decl. ¶ 6.) | business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance. The release of Plaintiff's financial information poses a substantial risk of harm to Plaintiff's legitimate business interests and competitive position. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive advantage in the highly competitive marketplace.<br><br>(*See* Carson Decl. ¶ 10) | This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | | |
| **Exhibit 13 to the Declaration of Liza M. Walsh (D.E. 941-2)** | | | | | |
| Entire document | Entire excerpt from the transcript of the October, 25, 2017 deposition of Jeffrey Lewis. | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically | If the confidential information is filed on the public docket, Defendants will be at risk of | There is no less restrictive alternative other than sealing the entry, or portions | This Court has sealed the same or similar | None. |

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | allows this type of information to be kept confidential.<br><br>DCO Designation: Attorneys' Eyes Only<br><br>Designated by: Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.) | information, which have been the subject of previous motions to seal by the parties. (*See* Order, dated July 17, 2018, D.E. 450, Order, dated July 24, 2018 D.E. 451, Order, dated November 8, 2018, D.E. 535, Order, dated December 4, 2019, D.E. 541, Order, dated January 11, 2019 D.E. 549, Order, dated July 25, 2019 D.E. 732. Order, dated September 11, 2019 D.E. 760, Order, dated September 12, 2019 D.E. 762, Order, dated June 9, 2020 D.E. 896, Order, dated | |

46

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | August 25, 2020 D.E. 900, and Order, dated September 15, 2021, D.E. 965.) | |
| **Exhibit 14 to the Declaration of Liza M. Walsh (D.E. 941-3)** | | | | | | |
| Entire document | Entire document titled "Five Year Strategy: Geospatial & Pricing Solutions" (PTX-530). | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Attorney's Eyes Only<br><br>Designated by: Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.) | None that Defendants are aware as of the filing of this motion to seal. | None. |

47

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| **Exhibit 28 to the Declaration of Liza M. Walsh (D.E. 941-6)** | | | | | | |
| Entire document | Entire email thread titled "Testimonial Eagle View is working well for the IAs accuracy wise" (PTX-269). | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Attorneys' Eyes Only<br><br>Designated by: Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical and business information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing, as well as discussions with Defendants' customers. (*See* Lewis Decl. ¶ 4.) | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources, as well as Defendants' discussions with customers. (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.) | None that Defendants are aware as of the filing of this motion to seal. | None. |
| **Exhibit 30 to the Declaration of Liza M. Walsh (D.E. 941-7)** | | | | | | |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Page 2 | Paragraph numbered 4, line 2, after "over" until "Without" on line 3.<br><br>Paragraph numbered 4, line 3, after "injunction," until "It is" on line 5. | The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary.  Particularly, the Confidential Materials disclose Plaintiff's confidential customer and contract negotiation strategies and pricing strategies.<br><br>(*See* Carson Decl. ¶ 6.) | If such information were to become available to the public, Plaintiff's competitors may potentially use the information to Plaintiff's detriment. Specifically, disclosure of information related to Plaintiff's business practices and strategies, would permit competitors to develop business strategies to duplicate, undercut or otherwise counter Plaintiff's commercial performance.  The release of Plaintiff's financial information poses a substantial risk of harm to Plaintiff's legitimate business interests and competitive position. Competitors would improperly and unfairly benefit from the disclosure of Plaintiff's non-public business information and would likely use the Confidential Materials to enhance their market or negotiation position and cause Plaintiff to lose its competitive | There is no less restrictive alternative other than sealing the Confidential Documents.<br><br>Plaintiff's request is tailored to seal only the portions of the documents that contain Plaintiff's Highly Confidential information. This is the least restrictive alternative available to protect Plaintiff's nonpublic highly confidential information because redacted versions of the Confidential Documents have been publicly filed on the docket, where appropriate.<br><br>(*See* Carson Decl. ¶ 11) | Order, dated June 9, 2020 (D.E. 896) | |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | advantage in the highly competitive marketplace. (*See* Carson Decl. ¶ 10) | | | |
| Pages 3-4 | Paragraph numbered 5, line 1, after "example," until the end of the paragraph. Paragraph numbered 6 in its entirety. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 4 | Paragraph numbered 7, line 10, after "technology." until the end of line 11. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 5 | Paragraph numbered 8, line 1, after "as well." until the end of the paragraph. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| Page 6 | Paragraph numbered 13, line 5, after "Nationwide." until the end of the paragraph. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| **Defendants' Opposition to Plaintiff's Motion to Initiate Contempt Proceedings and for a TRO (D.E. 948)** | | | | | | |
| Page 5 | First sentence of third paragraph, after "Essentials" and before "*Id.* ¶ 13." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential. | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative | None that Defendants are aware as of the filing of this motion to seal. | None. |

50

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | DCO Designation: Attorneys' Eyes Only<br><br>Designated by: Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | | |
| Pages 5-6 | First sentence of fourth paragraph, after "Essentials" and before "*Id.* ¶ 15" on the next page. | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Attorneys' Eyes Only<br><br>Designated by: Defendants | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly | None that Defendants are aware as of the filing of this motion to seal. | None. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | | |
| Page 6 | Second full sentence of the first paragraph, after "inputs" and before "*Id.* ¶¶ 14–15." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Attorneys' Eyes Only<br><br>Designated by:  Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources.  (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's | None that Defendants are aware as of the filing of this motion to seal. | None. |

52

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | | Eyes Only information. (*See* Lewis Decl. ¶ 5.) Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | | |
| Page 7 | Second sentence of the first full paragraph, after "pulls" and before "*Id.* 360Value …" | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential. DCO Designation: Attorneys' Eyes Only Designated by: Defendants The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.) Additionally, a redacted version of the document has | None that Defendants are aware as of the filing of this motion to seal. | None. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | | been or will be filed on the docket, consistent with this Index. | | |
| Page 24 | Third sentence of the second full paragraph, after "estimated by" and before "*Id.* The …" on the next page. | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Attorneys' Eyes Only<br><br>Designated by: Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | None that Defendants are aware as of the filing of this motion to seal. | None. |
| **Declaration of Jeffrey Lewis (D.E. 948-1)** | | | | | | |

|  | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| Paragraph 13, page 7 | Second sentence of the paragraph, after "detect" and before "This." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Attorneys' Eyes Only<br><br>Designated by:  Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl.  ¶ 4.) | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources.  (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information.  (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | None that Defendants are aware as of the filing of this motion to seal. |  |
| Paragraph 13, page 7 | Fourth sentence of the paragraph, after ""find a" and before "14. *Third*." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential. | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative | None that Defendants are aware as of the filing of this motion to seal. | None. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | DCO Designation: Attorneys' Eyes Only<br><br>Designated by: Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | | |
| Paragraph 14, page 7 | First sentence of the paragraph, after "Essentials" and before "This." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Attorneys' Eyes Only<br><br>Designated by: Defendants | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly | None that Defendants are aware as of the filing of this motion to seal. | None. |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | | |
| Paragraph 14, page 7 | Third sentence of the paragraph, after "Essentials" and before "The only." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Attorneys' Eyes Only<br><br>Designated by: Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's | None that Defendants are aware as of the filing of this motion to seal. | None. |

57

|  | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
|  |  | references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) |  | Eyes Only information. (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. |  |  |
| Paragraph 14, page 7 | Fourth sentence of the paragraph, after "into the" and before "and the." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Attorneys' Eyes Only<br><br>Designated by:  Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources.  (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has | None that Defendants are aware as of the filing of this motion to seal. | None. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | | been or will be filed on the docket, consistent with this Index. | | |
| Paragraph 15, page 7 | First sentence of the paragraph, after "detect" and before "The system." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Attorneys' Eyes Only<br><br>Designated by:  Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources.  (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information.  (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | None that Defendants are aware as of the filing of this motion to seal. | None. |
| Paragraph 15, page 8 | Fourth sentence of the paragraph, after "located." and before "can also." | The Discovery Confidentiality Order, entered by this Court on | If the confidential information is filed on the public docket, | There is no less restrictive alternative other than sealing | None that Defendants are | None. |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Attorneys' Eyes Only<br><br>Designated by:  Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl.  ¶ 4.) | Defendants will be at risk of serious injury to their business interests.  Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources.  (*See* Lewis Decl. ¶ 5.) | the entry, or portions thereof.  This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information.  (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | aware as of the filing of this motion to seal. | |
| Paragraph 15, page 8 | Fifth sentence of the paragraph, after "into the" and before "algorithm." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the confidential information would provide competitors with a | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative available to protect the nonpublic confidential | None that Defendants are aware as of the filing of this motion to seal. | None. |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | Attorneys' Eyes Only<br><br>Designated by: Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | | |
| Paragraph 15, page 8 | Fifth sentence of the paragraph, after "are (1)" and before "and (3)." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation:<br>Attorneys' Eyes Only<br><br>Designated by: Defendants | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document | None that Defendants are aware as of the filing of this motion to seal. | None. |

61

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | | |
| Paragraph 16, page 8 | First sentence of the paragraph, after "during the" and before "detection." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation:<br>Attorneys' Eyes Only<br><br>Designated by: Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.) | None that Defendants are aware as of the filing of this motion to seal. | None. |

62

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | | Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | | |
| Paragraph 17, page 8 | Second and third sentences of the paragraph, after "information" and before "Using this." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Attorneys' Eyes Only<br><br>Designated by:  Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources.  (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information.  (*See* Lewis Decl. ¶ 5.)<br><br>Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | None that Defendants are aware as of the filing of this motion to seal. | None. |

63

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| **Plaintiff's Reply Brief in Support of Motion to Initiate Contempt Proceedings and for a TRO (D.E. 956)** | | | | | | |
| Page 6 | Third sentence of first full paragraph, after "176:1-4 (" and before "); Ex. 40." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.

DCO Designation: Confidential

Designated by:  Defendants

The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl.  ¶ 4.) | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources.  (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information.  (*See* Lewis Decl. ¶ 5.)

Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | None that Defendants are aware as of the filing of this motion to seal. | None. |
| Page 7 | First parenthetical sentence of the first paragraph, after "at 133 (" and before "); Ex. 41." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically | If the confidential information is filed on the public docket, Defendants will be at risk of | There is no less restrictive alternative other than sealing the entry, or portions | None that Defendants are aware as of the | None. |

64

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | allows this type of information to be kept confidential.  DCO Designation: Confidential  Designated by:  Defendants  The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | serious injury to their business interests.  Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources.  (*See* Lewis Decl. ¶ 5.) | thereof.  This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information.  (*See* Lewis Decl. ¶ 5.)  Additionally, a redacted version of the document has been or will be filed on the docket, consistent with this Index. | filing of this motion to seal. | |
| **Exhibit 39 to the Declaration of Liza M. Walsh (D.E. 956-1)** | | | | | | |
| Entire document | Entire excerpt from the transcript of the October, 25, 2017 deposition of Jeffrey Lewis. | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential. | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the confidential information would | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative available to protect the | This Court has sealed the same or similar information, which have been the subject of previous | None. |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | DCO Designation: Attorneys' Eyes Only<br><br>Designated by: Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.) | motions to seal by the parties. (See Order, dated July 17, 2018, D.E. 450, Order, dated July 24, 2018 D.E. 451, Order, dated November 8, 2018, D.E. 535, Order, dated December 4, 2019, D.E. 541, Order, dated January 11, 2019 D.E. 549, Order, dated July 25, 2019 D.E. 732. Order, dated September 11, 2019 D.E. 760, Order, dated September 12, 2019 D.E. 762, Order, dated June 9, 2020 D.E. 896, Order, dated August 25, 2020 D.E. 900, and Order, dated | |

66

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | | | | September 15, 2021, D.E. 965.) | |
| **Exhibit 40 to the Declaration of Liza M. Walsh (D.E. 956-1)** | | | | | | |
| Entire document | Entire excerpt from the transcript of the December 1, 2017 deposition of Magnus Olson. | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Attorneys' Eyes Only<br><br>Designated by:  Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources.  (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information.  (*See* Lewis Decl. ¶ 5.) | This Court has sealed the same or similar information, which have been the subject of previous motions to seal by the parties. (See Order, dated July 17, 2018, D.E. 450, Order, dated July 24, 2018 D.E. 451, Order, dated November 8, 2018, D.E. 535, Order, dated December 4, 2019, D.E. 541, Order, dated January 11, 2019 D.E. 549, Order, dated July 25, 2019 D.E. 732. Order, dated September 11, | None. |

67

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | | | 2019 D.E. 760, Order, dated September 12, 2019 D.E. 762, Order, dated June 9, 2020 D.E. 896, Order, dated August 25, 2020 D.E. 900, and Order, dated September 15, 2021, D.E. 965.)] | |
| **Exhibit 42 to the Declaration of Liza M. Walsh (D.E. 956-1)** | | | | | |
| Entire document | Entire document titled "Product Marketing Plan: Xactware Property InSight" (XW00016132). | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>DCO Designation: Highly Confidential<br><br>Designated by:  Defendants<br><br>The information contains nonpublic and proprietary competitively sensitive technical | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's | None that Defendants are aware as of the filing of this motion to seal. | None. |

68

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | and sources. (*See* Lewis Decl. ¶ 5.) | Eyes Only information. (*See* Lewis Decl. ¶ 5.) | | |
| **Transcript of September 15, 2021 hearing before the Hon. Rene M. Bumb, U.S.D.J. (D.E. 972)** | | | | | | |
| Page 52 | Lines 13-14, after "360Value," and before "that were." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.) | None that Defendants are aware as of the filing of this motion to seal. | None. |
| Page 53 | Lines 13-14, after "systems that" and before "You." | The Discovery Confidentiality Order, entered by this Court on | If the confidential information is filed on the public docket, | There is no less restrictive alternative other than sealing | None that Defendants are | None. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.) | aware as of the filing of this motion to seal. | |
| Page 53 | Lines 18-19, after "asked him:" and before "and this." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.<br><br>The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' | None that Defendants are aware as of the filing of this motion to seal. | None. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | and sources. (*See* Lewis Decl. ¶ 5.) | Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.) | | |
| Page 53 | Lines 21-25, after "systems," and before "And we." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.

The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.) | None that Defendants are aware as of the filing of this motion to seal. | None. |
| Page 54 | Lines 1-5, after "asked him:" and before "So." | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.

The information contains nonpublic and proprietary | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests. Disclosure of the confidential information would provide competitors with a business advantage in | There is no less restrictive alternative other than sealing the entry, or portions thereof. This is the least restrictive alternative available to protect the nonpublic confidential information contained in the | None that Defendants are aware as of the filing of this motion to seal. | None. |

| | Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.) | | |
| Page 54 | Lines 7-8, after "thing, the" and before "right?" | The Discovery Confidentiality Order, entered by this Court on January 22, 2016, specifically allows this type of information to be kept confidential.  The information contains nonpublic and proprietary competitively sensitive technical information, including references to Defendants' business strategies and operations relating to aerial image acquisition and sourcing. (*See* Lewis Decl. ¶ 4.) | If the confidential information is filed on the public docket, Defendants will be at risk of serious injury to their business interests.  Disclosure of the confidential information would provide competitors with a business advantage in competing against Defendants and reveal information about the operation of Defendants' internal software systems and image acquisition procedures and sources. (*See* Lewis Decl. ¶ 5.) | There is no less restrictive alternative other than sealing the entry, or portions thereof.  This is the least restrictive alternative available to protect the nonpublic confidential information contained in the document, and the redactions are narrowly tailored to seal only those portions of the document containing Defendants' Confidential – Attorney's Eyes Only information. (*See* Lewis Decl. ¶ 5.) | None that Defendants are aware as of the filing of this motion to seal. | None. |