## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

EAGLE VIEW TECHNOLOGIES, INC., and
PICTOMETRY INTERNATIONAL CORP.,

*Plaintiffs,*

v.

XACTWARE SOLUTIONS, INC., and
VERISK ANALYTICS, INC.,

*Defendants.*

Civil Action No. 1:15-cv-07025
(RMB-SAK)

**[PROPOSED] ORDER TO SEAL**

*Electronically Filed*

**THIS MATTER** having been opened to the Court by the application of Plaintiff Eagle View Technologies, Inc. ("Plaintiff") and Defendants Xactware Solutions, Inc. and Verisk Analytics, Inc. (collectively, "Defendants"), by and through their undersigned counsel, in connection with the parties' Joint Motion to Seal, pursuant to Local Civil Rule 5.3(c) the following documents or portions thereof:

1) Plaintiff's Brief in Support of Its Motion and Documentation Supporting Attorneys' Fees, Costs, and Interest; Exhibits 4-5 to the Declaration of Dr. Jonathan Arnold; and Declaration of Patricia A. Carson with Exhibits A-H annexed thereto (D.E. 919);

2) Defendants' Brief in Opposition to Plaintiff's Motion and Documentation Supporting Attorneys' Fees, Costs, and Interest; Exhibit A to the Declaration of Scott S. Christie; and Declaration of Philip Green with Exhibits B, D-E, H-H3 annexed thereto (D.E. 930);

3) Plaintiff's Reply Brief in Support of Its Motion and Documentation Supporting Attorneys' Fees, Costs, and Interest; Exhibits 4A-5A to the Reply Declaration of Dr. Jonathan Arnold; and Exhibit O to the Declaration of Patricia A. Carson (D.E. 935);

4) Plaintiff's Brief in Support of Motion to Initiate Contempt Proceedings and for a TRO; and Exhibits 13-14, 28 and 30 to the Declaration of Liza M. Walsh (D.E. 941);

5) Defendants' Opposition to Plaintiff's Motion to Initiate Contempt Proceedings and for a TRO; and the Declaration of Jeffrey Lewis (D.E. 948);

6) Plaintiff's Reply Brief in Support of Motion to Initiate Contempt Proceedings and for a TRO; and Exhibits 39-40, and 42 to the Declaration of Liza M. Walsh (D.E. 956); and

7) Transcript of September 15, 2021 hearing before the Hon. Rene M. Bumb, U.S.D.J. (D.E. 972).

and the Court having considered the papers submitted by the parties in support of the Joint Motion; and the Court having considered and adopted the Declaration of Patricia A. Carson and the Declaration of Jeffrey D. Lewis, and the Court having further found that the standards of L. Civ. R. 5.3(c) have been met and support the sealing of the confidential documents and information; and for other and good cause having been shown, the Court hereby finds:

**FINDINGS OF FACT**

A. Through discovery in this case, the parties have produced confidential information, the public disclosure of which would affect legitimate business interests. To protect the confidentiality of this information, the parties agreed to maintain the confidentiality of any materials produced pursuant to the Discovery Confidentiality Order, entered by this Court on January 22, 2016 (D.E. 48) ("DCO").

B. The DCO allows producing parties to designate information as "Confidential" or "Highly Confidential." The DCO acknowledges that the parties will exchange documents that contain confidential information, and strictly limits access these documents. The DCO further provides that a party wishing to use material designated as "Confidential" or

2

"Highly Confidential" must move pursuant to Local Civil Rule 5.3(c) for leave to file the submission under seal.

C. Pursuant to the DCO and Local Civil Rule 5.3(c), the parties move to seal the above documents or portions thereof containing or relating to their valuable and sensitive proprietary business and financial information, and designated as "Confidential" or "Highly Confidential."

D. The information and materials identified in the Index that the parties seek to seal are collectively referred to herein as the "Confidential Information."

E. The Confidential Materials Plaintiff seeks to seal contain or refer to nonpublic and proprietary competitively sensitive technical information and highly sensitive business and financial information of Plaintiff that Plaintiff maintains in confidence and is of the type that is generally treated as confidential and proprietary. Particularly, the Confidential Materials disclose Plaintiff's information pertaining to the following topics: Plaintiff's confidential financial information; confidential information regarding Plaintiff's negotiations and agreements with its attorneys, vendors and consultants; confidential information regarding Plaintiff's negotiations and agreements with Defendants; confidential competitive information of Kirkland & Ellis LLP, Walsh Pizzi O'Reilly LLP, Plaintiff and third parties; confidential information regarding Plaintiff's negotiations and agreements with other parties; and Plaintiff's confidential customer and contract negotiation strategies and pricing strategies. The Confidential Materials Plaintiff seeks to seal contain and/or reflect information that Plaintiff has designated as "Confidential" and/or "Highly Confidential-Attorney's Eyes Only" under the Discovery

3

Confidentiality Order entered by this Court on January 22, 2016 (D.E. 48). Furthermore, the Confidential Information Defendants seek to seal contain or refer to Defendants' confidential commercial, development, and business information, including references to proprietary functionality within Defendants' software. The Confidential Information further contains non-public and competitively sensitive business and commercial information of Defendants that Defendants maintain in confidence. Particularly, the Confidential Information discloses Defendants' information regarding Defendants' business strategies and technical operations relating to aerial image acquisition and sourcing and confidential discussions with Defendants' customers. The Confidential Information Defendants seek to seal contain and/or reflect information that has been designated as "Confidential" and/or "Highly Confidential-Attorney's Eyes Only" under the Discovery Confidentiality Order entered by this Court on January 22, 2016 (D.E. 48).

F. The parties have a legitimate interest in protecting their nonpublic, proprietary, competitively sensitive, technical information and highly sensitive business information. The clearly defined and serious injury that would result if the Confidential Information is disclosed is that information which was not intended to be seen by the public would be available for review and potential use against Plaintiff and/or Defendants. Moreover, competitors (actual and potential), who are not parties to this action, would have access to the information. There is no less restrictive alternative to the sealing of the Confidential Information because the motion to seal is narrowly tailored to the information which the

4

parties deem confidential and proprietary and the parties have filed redacted versions of the sealed documents, where appropriate.

G. The parties have complied with the terms of the DCO and Local Civil Rule 5.3(c) by moving to seal the Confidential Information.

## CONCLUSIONS OF LAW

A. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

B. The Court, having considered this matter pursuant to Fed. R. Civ. P. 78 and Local Civil Rule 5.3, and the parties' submissions in support of the motion, finds that the parties have satisfied their burden of proving under L. Civ. R. 5.3(c) and applicable case law, that the Confidential Information is entitled to protection. There exists in civil cases a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). This Court has the power to seal where confidential information may be disclosed to the public. Fed. R.

5

Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). Additionally, courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted). Furthermore, this Court has previously sealed attorney invoices, expenses, and rate information, finding that such information is confidential - especially because it is not subject to any laws or statutes requiring disclosure. *See Morgan v. Wal-Mart Stores, Inc.*, Case No. 14-4388, 2015 WL 3882748 (D.N.J. June 23, 2015); *Atl. City Associates, LLC v. Carter & Burgess Consultants, Inc.*, Case No. 05-3227, 2010 U.S. Dist. LEXIS 32135 at n. 1 (D.N.J. Mar. 31, 2010) (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 788-91 (3d Cir. 1994)).

**THEREFORE,** it is on this _____ day of _____, 2022;

**ORDERED** as follows:

1. The Confidential Information identified in the Index submitted concurrently herewith contains confidential and proprietary information.  The Court further finds that Plaintiff and/or Defendants would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of such highly confidential or confidential information, that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists.

2. Therefore, the parties' Joint Motion pursuant to Local Civil Rule 5.3(c) to Seal the Confidential Documents is **GRANTED**.

**HONORABLE SHARON A. KING**
**UNITED STATES MAGISTRATE JUDGE**